UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-21678-CIV-LENARD/GOODMAN

KATRINA GARCIA and LAURA
EGGNATZ, individually and on behalf of
all others similarly situated, and JULIE
MARTIN, individually,

                        Plaintiffs,
vs.

KASHI COMPANY, a California
Corporation, and THE KELLOGG
COMPANY, a Michigan Corporation,

                        Defendants.

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER

WHEREAS, Plaintiffs Katrina Garcia and Laura Eggnatz ("Plaintiffs") in this action entitled *Katrina Garcia, et al. vs. Kashi Company*, Case No. 12-21678-CIV-LENARD/ GOODMAN (the "Litigation") and Defendants Kashi Company ("Kashi") and The Kellogg Company ("Kellogg") ("Defendants") have entered into a Stipulation of Settlement, filed June 5, 2015 (the "Stipulation"), after lengthy arms-length settlement discussions;

WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has reviewed the Parties' application for such Order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I. **THE SETTLEMENT CLASS IS CERTIFIED**

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

> All consumers who are not California residents and who purchased any of the Products listed in Exhibit H to the Stipulation during the Settlement Class Period for personal or household use. Excluded from the Class are: (a) Kashi's employees, officers and directors; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; (f) the Court, the Court's immediate family, and Court staff; and (g).California residents.

3. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Katrina Garcia and Laura Eggnatz as Class Representatives of the Class.

5. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Mark A. Milstein, Gillian L. Wade, and Sara D. Avila of Milstein Adelman LLP, L. DeWayne Layfield of the Law Office Of L. Dewayne Layfield, Angela Arango-Chaffin of the Chaffin Law Firm, and Michael T. Fraser of The Law Offices Of Howard W. Rubinstein as Co-Class Counsel to represent the Settlement Class members.

## II.     THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

6.     The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

7.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.     Pursuant to the Federal Rule of Civil Procedure 23(e), the Court will hold a final approval hearing (the "Settlement Hearing") on __1/27__, 2015, at __2:30__ a.m./p.m., in the Courtroom of the Honorable Joan A. Lenard, United States District Court for the Southern District of Florida, Courtroom 12-1, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128-1810, for the following purposes:

a.     finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

b.     determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

c.     considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

d.     considering the application of Plaintiffs for Service Awards for serving as Class Representatives, as provided for under the Stipulation;

e.     considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

f.     considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

3

    g.  ruling upon such other matters as the Court may deem just and appropriate.

9. The Court may reschedule, adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

10. The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

11. Any objections to the proposed settlement must be postmarked or submitted online no later than thirty (30) days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice. Any replies to objections must be filed with this Court no later than fourteen (14) days before the Settlement Hearing.

12. Opening papers in support of the Settlement and any application for a Fee and Expense Award and/or Class Representative Service Awards must be filed with the Court and served no later than 45 days prior to the Settlement Hearing.

### III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

13. The Court approves, as to form and content (or as may be amended by the Court), the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are attached hereto as Exhibits A and B, respectively, to this Order.

14. The Court finds that the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as set forth in this Order and the Stipulation of Settlement, meet the requirements of Federal Rule of Civil Procedure 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

15. The Court approves the designation of Digital Settlement Group, LLC, to serve as the Court-appointed Class Action Settlement Administrator for the settlement. The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16. The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation. The Claim Form shall be made available to Class members through the Settlement Website and on the websites of Class Counsel, at their options, no later than seven (7) days after the Court enters this Preliminary Approval Order, and continuously thereafter through the Claims Deadline.

17. The Class Action Settlement Administrator is ordered to provide Class Notice through the Settlement Website no later than seven (7) days after the Court enters the Preliminary Approval Order and through designated print publications no later than seventy-five (75) days after the Court enters the Preliminary Approval Order.

18. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid by Kashi in accordance with the applicable provisions of the Stipulation.

### IV. PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

20. The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to receive money from the settlement shall complete the Claim Form in

5

accordance with the instructions contained therein, and the Claim Form shall be postmarked or submitted on line to the Class Action Settlement Administrator no later than eight (8) days before the Settlement Hearing. Such deadline may be further extended without notice to the Class by Court Order.

21. The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

22. The Class Action Settlement Administrator shall send a letter to any applicable Settlement Class Member explaining the rejection of any claim no later than thirty (30) days after the Effective Date and of the opportunity and deadline to cure any deficiencies no later than forty-five (45) days after the Effective Date. The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members no later than 90 days after the Effective Date.

23. Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class members who do not enter an appearance will be represented by Class Counsel.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

24. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Claims Administrator postmarked or submitted online no later than thirty (30) days before the Settlement Hearing (the "Opt-Out Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

25. Any Class member who does not send a completed, signed request for exclusion to the Claims Administrator postmarked or submitted online on or before the Opt-Out Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person is a

member of the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

26. A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs at or before the Settlement Hearing.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27. Any Class member who desires to object either to the settlement, Fee and Expense Award, or Class Representative Service Awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a written notice of the objection, together with all papers that the Class member desires to submit to the Court no later than thirty (30) days prior to the Settlement Hearing (the "Objection Deadline"). The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Kashi's counsel. Such papers must be sent to each of the following persons:

| Plaintiffs' Counsel | Defendants' Counsel |
|---|---|
| Mark A. Milstein<br>Gillian L. Wade<br>Sara D. Avila<br>MILSTEIN ADELMAN LLP<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405 | Dean N. Panos<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60654-3456 |

28. All objections must include the following information:

    a. the name of this Litigation;

    b. the objecting Class Member's full name and address;

    c. all grounds for the objection, accompanied by any legal support known to the objecting Class Member or his or her counsel;

    d. the identity of all counsel, including the lawyer's name, address and telephone number, who represent the objecting Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

7

    e. a statement confirming whether the objecting Class Member or any counsel representing the objecting Class Member intends to personally appear and/or testify at the Settlement Hearing;

    f. a list of any persons who may be called to testify at the Final Approval Hearing in support of the objection; and,

    g. The signature of the objecting Class Member.

29. All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Settlement Hearing. Any replies to objections must be filed with this Court no later than fourteen (14) days before Settlement Hearing.

30. All objections must include a reference to *Katrina Garcia, et al. v. Kashi Company*, Case No. 12-21678-CIV-LENARD/GOODMAN, the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number. Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for Class Representative Service Awards, is required to provide written notice of their intention to appear at the Settlement Hearing no later than the Objection Deadline as set forth in the Class Notice. Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or Class Representative Service Awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any rights the Person may have to object to the settlement, Fee and Expense Award, or Class Representative Service Awards, or to appeal or seek other review of the Final Judgment and Order.

31. If the agreement and Stipulation are finally approved, the Court shall enter a Final Judgment and Order of Dismissal approving the Stipulation. The proposed Final Judgment and Order of Dismissal is lodged herewith as Exhibit E. Said Final Judgment and Order of Dismissal shall be fully binding with respect to all members of the Settlement Class who did not request

8

exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

32. The court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Stipulation.

DATED: *Sept 4*, 2015

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

**FOR PLAINTIFFS**

Dated: June 5, 2015

MILSTEIN ADELMAN LLP
By: */s/ Mark A. Milstein*
Mark A. Milstein
Gillian L. Wade
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelmen.com
gwade@milsteinadelmen.com

Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (800) 436-6437
Fax: (415) 692-6607
lopatin@hwrlawoffice.com

L. DeWayne Layfield
LAW OFFICE OF
L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
**dewayne@layfieldlaw.com**

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139
Telephone: (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com

Robert A. Chaffin.
The Chaffin Law Firm
4265 San Felipe #1020
Houston, TX 77027
Telephone: (713) 528-1000
Fax: (713) 952-5972
robert@chaffinlawfirm.com

*Co-Class Counsel*

DATED: June 5, 2015

JENNER & BLOCK LLP
DEAN N. PANOS (admitted *pro hac vice*)

By: __/s/ Dean N. Panos_____
      DEAN N. PANOS

353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2765
Facsimile: (312) 840-7765
dpanos@jenner.com

KENNETH K. LEE (264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
klee@jenner.com

*Attorneys for Defendants*
*Kashi Company and The Kellogg Company*