# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-21678-CIV-LENARD/GOODMAN

LAURA EGGNATZ and KATRINA GARCIA,
individually, and on behalf of all others similarly situated,

   *Plaintiffs*,

 vs.

KASHI COMPANY, a California
Corporation,

   *Defendants.*

_____/

# DECLARATION OF MARK SCHEY
## _REGARDING SETTLEMENT WEBSITE AND ADMINISTRATION_

I, MARK SCHEY, declare:

1. I am a founding partner of Digital Settlement Group, LLC ("DSG"), a company that provides class action notice and claims administration. The following statements are based on my personal knowledge and information provided by other DSG principals and employees working under my supervision, and if called upon to do so, I could and would testify competently about these issues.

2. This Declaration is in support of Plaintiffs' Response to Objections to Class Action Settlement.

<strong>Settlement Website</strong>

3. The initial version of the Settlement Website went live on its public URL (allnaturalsettlement.com) the night of September 10, 2015.

4. A placeholder draft of the Frequently Asked Questions inadvertently appeared on the Settlement Website. The incorrect draft was removed before 12:05pm Eastern Standard Time on September 17, 2015. After being corrected, it was replaced with the final and correct version. *See* Exhibit D.

5. The Stipulation of Settlement and long form Class Notice were available on the Settlement Website at all times.

6. At my direction, DSG's IT team conducted an extensive review of the Settlement Website's server logs. These logs show a total of four (4) IP addresses, other than DSG's internal development team, Class Counsel and counsel for Defendant, accessed the incorrect Frequently Asked Questions between its first availability to the public and the time the incorrect version was removed.

7. Before September 17, 2015, the only place the URL was disclosed was the CAFA notice. Internet and publication Notice commenced after the correct Frequently Asked Questions appeared on the Website.  Specifically, Internet notice ran from October 15, 2015 to November 15, 2015 and Notice was published in the December 2015 issues of *Food Network Magazine*

and *Prevention Magazine. Food Network Magazine* had an on-sale date of November 24, 2015. *Prevention Magazine* had an on-sale date of November 17, 2015.

8. One of the external IP addresses has been identified as a Claimant in the Action.

9. On September 15, 2015 before 1:48pm Eastern Standard Time, the date and time noted by Mr. Thomas in his Objection[1], a single external IP address accessed the Frequently Asked Questions page of the Settlement Website. That IP address was 209.195.140.114. The address accessed the Frequently Asked Questions three times between 10:03am and 2:55pm Eastern Standard Time on September 15, 2015. All visits from 209.195.140.114 were accessed using the same Gecko Firefox 40.0 browser on Mozilla/5.0 (Windows NT 6.3). Based on geolocation data from multiple sources[2], the IP address is located in the vicinity of (or directly within) Pittsburgh, Pennsylvania. To be clear, this was the only IP address that viewed the Frequently Asked Questions on September 15, 2015 before 1:48pm Eastern Standard Time (or Pacific Time), other than DSG.

10. During the investigation, references were found linking the IP address 209.195.140.114 to both Mail Exchange and TXT records for *stemberfeinstein.com* and *fdpklaw.com* as far back as 2011. *See* Exhibit A (a true and correct copy of screen shots of 3rd party DNS Lookup Websites). As of January 11, 2016, both of these domain names are directed to *fdpklaw.com*, the official website of the law firm Feinstein, Doyle, Payne, and Kravec LLC. On this site, the law firm lists its address as Pittsburgh, Pennsylvania.

11. GoDaddy issued a secure server certificate for fdpklaw.com that is valid and not revoked. *See* Exhibit B (a true and correct copy of a screen shot of a 3rd Party Secure Certificate Lookup Site). The same certificate is valid for fdpklaw.com, www.fdpklaw.com, and mail.fdpklaw.com.

---

1   In Exhibit 2 of Mr. Thomas' Objection, the printout of the Frequently Asked Question shows a time-stamp of "9/15/2015 1:48PM" in the bottom-right of every page.

2   Geolocation data was validated from five 3rd party sources: IP2Location, EurekAPI, DB-IP, ipinfo.io, and MaxMind.

It is my understanding that GoDaddy requires proof of domain control before issuing a secure certificate. So, the same entity in control of *fdpklaw.com* is also in control of the server at IP address 209.195.140.114.

12. As of January 11, 2016, a "host name lookup" for *mail.fdpklaw.com* returns the following IP address: 209.195.140.114.

13. The IP address linked to *mail.fdpklaw.com* appeared again in the server logs retrieving the corrected Frequently Asked Questions page on October 13, 2015, over two months before the Objection was filed. It returned again on November 2, 2015 and November 3, 2015.

14. The formatting of Exhibit 2 to the Thomas Objection—the printout of the incorrect Frequently Asked Questions (ECF 189 at 47-52)—is also consistent with a Firefox browser on a Windows system, which was logged on our servers along with the IP address 209.195.140.114.[3] Firefox represents approximately 9.6% of usage share of all browsers[4]. The IP address linked to Feinstein, Doyle, Payne, and Kravec LLC is the only combination of IP address and browser that could have viewed and printed Exhibit 2 of the Objection on September 15, 2015, other than DSG. In fact, not a single other visitor used Firefox on or before September 15, 2015. (They all used a form of Google Chrome or Apple Safari, which would result in a different printout appearance.)

---

3   Web browsers and operating systems print web pages in different ways. Mozilla Firefox for Windows is unique in that it places the page numbers (e.g. "1 of 6") in the bottom-left, date and time in the bottom-right (e.g. "9/15/15 1:49PM"), the page title (e.g. "FAQ") in the top-left, and the page URL (e.g. https://allnaturalsettlement.com/FAQ.dtm) in the top-right. By comparison, Google Chrome places the date (without time) in the top-left and formats the page numbers differently (e.g. "1/6" rather than "1 of 6") in the bottom-right. Internet Explorer places the page numbers in the top-right (e.g. "Page 1 of 6" rather than "1 of 6"). If it was printed from an Apple iOS device using Safari, the date and time would be formatted in yet another way (e.g. "9/15/15, 11:18PM") with the page numbering directly underneath it. If it was printed from an Apple iOS device using Firefox, the date and time would be located in the top-right.

4   Reviewing independent data from StatCounter for the period of September 2015 through October 2015, Firefox represented 9.67% of browser usage share. This data is based on "over 15 billion page views per month recorded across more than 3 million websites." It also mirrors analytics.usa.gov data (from the U.S. Government's Digital Analytics Program) indicating 9.6% browser usage share for Firefox.

15. After removing the known visits listed above, the Frequently Asked Questions page was downloaded externally (i.e. by computers other than those used by DSG, Class Counsel or Defendant's counsel) by a maximum of two (2) IP addresses before the error was corrected. To put this into perspective, as of January 11, 2016, the Settlement Web Site has received a total of 193,972 unique visits.

16. Furthermore, of the two IP addresses noted in ¶15, one returned to the site on September 26, 2015 at 10:11pm Eastern Time and viewed the corrected Frequently Asked Questions. They returned again on December 19, 2015 at 4:15pm and viewed the corrected Frequently Asked Questions a second time.

17. The other external IP address "geolocates" to the State of California in the vicinity of Los Angeles. This was verified through five independent geolocation services with approximately 90% certainty[5].

18. Based upon this analysis of the server logs and the information provided above, no unidentified potential class members viewed the incorrect Frequently Asked Questions without returning to view the corrected Frequently Asked Questions.

**Certified Letter Receipt**

19. It was brought to DSG's attention by Class Counsel that Settlement Class Member Jay Raab of Pennsylvania was concerned that delivery of his Claim Form was taking an unusually long time. It was sent via Certified Mail through the United States Postal Service on December 5, 2015[6] with the following tracking number: 7015 1520 0000 0857 6245.

20. Based on a review of the tracking data from the Post Office, there appears to have been routing errors and exceptions introduced by the Post Office.  It appears it was forwarded by the U.S.

---

5   Geolocation data was validated from five 3rd party sources: IP2Location, EurekAPI, DB-IP, ipinfo.io, and MaxMind. According to MaxMind, their data alone can correctly resolve a user's location to within 62 miles approximately 90% of the time. Los Angeles is greater than 150 miles from the nearest states.

6   The deadline to make a claim is January 19, 2016. Accordingly, Mr. Raab's claim is timely.

Postal Service to obtain the certified mail return receipt signature Mr. Raab requested.

21. DSG received Mr. Raab's Claim Form on January 4, 2016. We have verified through the tracking number and the envelope that it was postmarked on December 5, 2015. *See* Exhibit C (a true and correct copy of the front exterior of the envelope). Upon review, it appears the contents of the envelope remained fully intact during delivery.

22. I understand Mr. Raab also had a question about a non-Kashi-related telephone number for DSG. The phone number for DSG is (219)576-6230, and DSG has a live operator with business hours from 8:00 a.m. to 6:00 p.m. DSG does not have international presence nor an international telephone number.

**Requests for Exclusion**

23. The deadline to request exclusion from the Settlement was December 28, 2015. To date, there have been zero requests for exclusion.

**Claims Update**

24. DSG received a claim from Patrick Sweeney of Madison, Wisconsin on December 18, 2015 at 2:10pm Eastern Time. Mr Sweeney claimed he purchased a total of three Products with no proof of purchase provided. The mailing address entered for this claim matches the address listed in his Objection.

25. As of January 11, 2016, DSG has not received any opt-outs and has received two objections.

26. As of January 11, 2016, DSG has received 113,980 total claims via web and through the mail. A total of 556 have sent some form of proof of purchase and 113,424 do not have any proof of purchase. The online claims facility continues to receive claims and DSG continues to receive paper claims.

27. DSG has conducted preliminary calculations of claims in accordance with Section IV(A)(1) of the Agreement. Currently, the total claim amount is estimated at $1,119,489. DSG will provide updated statistics following the close of the claims period on January 19, 2016 and in advance

of the Settlement Hearing on January 27, 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 13, 2016

Mark Schey

**EXHIBIT A**

**Exhibit A – IP Address Information**



## DNS Lookup

Complete DNS information for fdpklaw.com.

**Fdpklaw.com** has **1 A records** (IP Addresses) with a TTL (time to live) of 14400 seconds. Its DNS records are handled by **2 nameservers** with a TTL of 86400 seconds. And, it uses **1 mail servers** to handle its email.

| Host | Record Type | TTL (in seconds) | Address/Data |
|------|-------------|------------------|--------------|
| fdpklaw.com | A | 14400 | 69.89.31.152 |
| fdpklaw.com | SOA | 86400 | rname: root.box352.bluehost.com<br>retry: 7200<br>mname: ns1.bluehost.com<br>refresh: 86400<br>minimum: 300<br>expire: 3600000<br>serial: 2013052809 |
| fdpklaw.com | NS | 86400 | ns1.bluehost.com<br>ns2.bluehost.com |
| fdpklaw.com | MX | 14400 | preference: 0<br>exchange: mail.fdpklaw.com |
| fdpklaw.com | TXT | 14400 | v=spf1 +a +mx +ip4:209.195.140.114 ?all |

# EXHIBIT B

**Exhibit B – Secure Certificate Information**



# EXHIBIT C

**Exhibit C – Envelope for Certified Letter from Class Member Jay Raab**



# EXHIBIT D

**Exhibit D – Frequently Asked Questions**

[This page intentionally left blank so the Frequently Asked Questions will be formatted correctly.]

# Frequently Asked Questions

← Back to Home

1. **What Is This Website About?**

2. **What Is a Class Action Lawsuit?**

3. **What is This Lawsuit About?**

4. **How Do I Know If I Am In The Settlement Class?**

5. **What Does This Settlement Provide?**

6. **When Will I Get My Payment?**

7. **How Do I Get Benefits? Submit A Claim Form.**

8. **What Am I Giving Up If I Stay In The Class?**

9. **What Happens If I Do Nothing At All?**

10. **How Do I Make A Claim?**

11. **Who Represents Me?**

12. **Will I Have To Pay The Lawyers?**

13. **How Do I Get Out Of -- Or Exclude Myself From -- The Settlement?**

14. **If I Do Not Exclude Myself, Can I Sue Kashi Company For the Same Thing Later?**

15. **If I Exclude Myself, Can I Get Anything From This Settlement?**

16. **How Do I Object To The Settlement?**

17. **When is the Hearing to Decide Whether to Approve the Settlement?**

## Important Documents

Frequently Asked Questions

Second Amended Complaint

Stipulation of Settlement

Proposed Order Approving Class Action Settlement

Unopposed Motion for Preliminary Approval of Class Action Settlement

Exhibit B -- Claim Protocol

Exhibit C -- Class Notice

Exhibit E -- Final Order

Exhibit F -- Preliminary Approval Order

Exhibit H -- Product List

Endorsed Order

Order Granting Preliminary Approval

Motion for Final Approval

Declaration of Gillian L. Wade

Proposed Judgment and Final Order

Motion for Attorneys' Fees and Costs

Joint Declaration ISO Motion for Fees and Costs

Motion for Service Awards for Class Representatives

Declaration of Laura Eggnatz

Declaration of Katrina Garcia

18. **Where Do I Get More Information?**

Help: If you're having issues viewing the pdf files, please click here to download Adobe Acrobat Reader.

## 1. What Is This Website About?

This website explains the Settlement of a class action lawsuit. This website is not an expression of any opinion by the Court about the merits of any of the claims or defenses made by any of the Parties in this case. This website summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, and who is eligible for them.

(back to top)

## 2. What Is a Class Action Lawsuit?

A class action is a lawsuit in which one or more individuals sue an individual(s), company or other entity on behalf of all other people who have similar claims. Collectively, these people are referred to as a "Class" or "Class Members." In a class action, the court resolves certain legal issues, legal claims and defenses for all class members in one lawsuit, except for those who ask to be excluded from the class.

(back to top)

## 3. What is This Lawsuit About?

A proposed settlement has been reached in a class action lawsuit which claimed that the marketing of certain Kashi products as "All Natural" or "100% Natural" or "Nothing Artificial" was not true. Kashi stands by its marketing and denies that it did any thing wrong. If you are a member of the Class in this lawsuit, you may make a claim by mailing or electronically submitting a Claim Form.

A federal court authorized this notice. Before any money is paid, the court will have a hearing to decide whether to approve the settlement. On December 14, 2015, Class Counsel will submit their motion for final approval and request for attorneys' fees and/or expenses, which will be available on this website or by calling 877-342-0808.

(back to top)

## Important Dates

**December 28, 2015**
Deadline for Class Members to Opt-Out or Object
[DEADLINE EXPIRED]

**January 13, 2016**
Responses to Objections Due

**January 19, 2016**
Deadline to Submit Claims

**January 27, 2016**
Settlement Hearing

## File A Claim

File Online Claim

Download Claim Form (PDF)

**4. How Do I Know If I Am In The Settlement Class?**

You may be a Class Member if you are not a California resident and you purchased between May 3, 2008 through September 4, 2015 one of the Kashi Products listed in Exhibit H to the Kashi Stipulation of Settlement for personal or household use. Excluded from the class are employees, officers and directors of Kashi and The Kellogg Company; persons that purchased the Products for the purpose of re-sale; retailers or re-sellers of the Products; governmental entities; persons who properly exclude themselves from the Class; the Court, the Court's immediate family, and Court staff; and California residents.

(back to top)

**5. What Does This Settlement Provide?**

Kashi will pay $3.99 million to be used to pay eligible claims of Kashi Class Members for the Kashi Products they purchased, pay notice and administrative costs, attorneys' fees and expenses, and Class Representatives' Service Awards. Kashi will also make certain changes to its current labeling and marketing of certain products.

(back to top)

**6. When Will I Get My Payment?**

The Court will hold a hearing on January 27, 2016 to decide whether to approve the Settlement. Settlement payments will be paid if and when the Court grants approval to the Settlement and after any appeals are resolved.

(back to top)

**7. How Do I Get Benefits? Submit A Claim Form.**

The only way for Class Members to participate in the Settlement is to complete and submit a Claim Form by January 19, 2016. If you do not submit a valid Claim Form by the deadline, you are not eligible to receive any cash payments from the Settlement.

(back to top)

**8. What Am I Giving Up If I Stay In The Class?**

If you stay in the Kashi Class, you cannot sue or be part of any other lawsuit against Kashi Company or related entities or persons for any of the claims asserted in the Consolidated Amended Complaint or the Original Complaints filed in the Kashi lawsuit by or on behalf of non-California residents arising out of or relating to the packaging, marketing, distribution or sale of the Kashi Products that are identified in section II, paragraph A.22 of the Kashi Stipulation of Settlement (the "Kashi Products"), purchased between May 3, 2008 and September 4, 2015. In addition, if you stay in the Kashi Class, all of the Court's orders will apply to you and legally bind you.

**(back to top)**

## 9. What Happens If I Do Nothing At All?

If you do nothing, you will not get any cash from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Kashi Company for any of the Released Claims described above.

**(back to top)**

## 10. How Do I Make A Claim?

File a claim here:
https://www.allnaturalsettlement.com/ClaimForm.dtm

**(back to top)**

## 11. Who Represents Me?

Class Counsel are the lawyers for the Class. The Class Representatives and Class Counsel will act as your representatives for this Settlement if you do not exclude yourself from the Class.

Mark A. Milstein
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

L. DeWayne Layfield
LAW OFFICE OF

L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139

Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111

The Court has appointed as Class Representatives Katrina
Garcia and Laura Eggnatz.

(back to top)

## 12. Will I Have To Pay The Lawyers?

No. You will not be responsible for any costs or attorneys' fees
incurred in these lawsuits. Attorneys' fees and expenses are
paid out of the Settlement Fund.

(back to top)

## 13. How Do I Get Out Of -- Or Exclude Myself From -- The Settlement?

In order to be excluded from the Settlement, Class Members
need to send a letter to the Claims Administrator postmarked
prior to December 28, 2015. Your letter needs to specify
whether you are requesting exclusion from the Kashi
Settlement Class. You need to include your full name, address,
and telephone number. If you do not include the required
information or fail to submit your request for exclusion on time,
you will remain a Class Member and be bound by the
Settlement and Final Judgment and Order. If you exclude
yourself from the Class, you give up your right to receive any
money from the Settlement, and you will not be bound by the
Settlement or Final Judgment and Order, and you will not be
barred from pursuing any individual claim you may otherwise
have relating to the Released Claim.

(back to top)

## 14. If I Do Not Exclude Myself, Can I Sue Kashi Company For the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue Kashi Company for the claims that these Settlements resolve, including any claims relating to Kashi Company for any of the Released Claims.

**(back to top)**

## 15. If I Exclude Myself, Can I Get Anything From This Settlement?

No. If you exclude yourself, you are not eligible to receive any cash for Kashi.

**(back to top)**

## 16. How Do I Object To The Settlement?

In order to object to the Settlement you need to file an objection with the Court prior to December 28, 2015.

**(back to top)**

## 17. When is the Hearing to Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing for the Class Settlement on January 27, 2016.

**(back to top)**

## 18. Where Do I Get More Information?

This website summarizes the Settlement. More details are in a Settlement Agreement.

PLEASE DO NOT CALL OR WRITE KASHI OR THE COURT FOR ADDITIONAL INFORMATION OR ADVICE.

**(back to top)**

This site is not operated by the Court, Class Counsel, Defendant's Counsel, or Defendant. This class

action settlement is supervised by the Court and is administered by a consulting firm that handles all aspects of settlement administration.

Copyright © 2016 Digital Settlement Group - All Rights Reserved. - Privacy Policy | FAQ