UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-21678-CIV-LENARD/GOODMAN

KATRINA GARCIA and LAURA
EGGNATZ, individually and on behalf of
all others similarly situated, and JULIE
MARTIN, individually,

                Plaintiffs,

vs.

KASHI COMPANY, a California
Corporation, and THE KELLOGG
COMPANY, a Michigan Corporation,

                Defendants.

### FINAL JUDGMENT AND ORDER OF DISMISSAL

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated June 5, 2015 ("Stipulation"), attached as Exhibit A, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.     The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class:

> All consumers who are not California residents and who purchased any of the Products listed in Exhibit H to the Stipulation during the Settlement Class Period for personal and/or household use. Excluded from the Class are: (a) Kashi's employees, officers and directors; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products;

(d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; (f) the Court, the Court's immediate family, and Court staff; and (g) California residents.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that the Plaintiffs in the Litigation, Katrina Garcia and Laura Eggnatz, are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints Katrina Garcia and Laura Eggnatz as Class Representatives.

6. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Mark A. Milstein, Gillian L. Wade, and Sara D. Avila of Milstein Adelman LLP, L. DeWayne Layfield of the Law Office Of L. Dewayne Layfield, Angela Arango-Chaffin of the Chaffin Law Firm, and Michael T. Fraser of The Law Offices Of Howard W. Rubinstein as Co-Class Counsel to represent the Settlement Class Members.

8. The list of Persons excluded from the Class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit B. Persons who filed timely, completed Opt-Outs are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendants. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

9. The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement dated June 5, 2015, which is Exhibit C to this Judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit D to this Judgment (together the "Class Notice"). The Declaration of Mark Schey of Digital Settlement Group, LLC attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such Settlement Hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

10. The forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the circumstances. The Court further finds that the forms of notice were concise, clear, and in plain, easily understood language and were reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded from the Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members.

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the settlement proposed by the Parties is fair, reasonable, and adequate; and consistent with and in compliance

with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law.

12. The terms and provisions of the Stipulation were entered into by experienced counsel and only after extensive, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable J. Richard Haden (Ret.). The Settlement Agreement is not the result of collusion.

13. The proceedings that occurred before the parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

14. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

15. All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

16. None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

17. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs initiated the Litigation, acted to protect the Class, and assisted their Counsel on behalf of the Class. The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $1,500,000 in fees, and $168,204 in expenses incurred in the Litigation. Further, Plaintiff Class Representatives are both entitled to a Service Award of $5,000. The Fees and Expense Award and Plaintiffs' Service Awards shall be paid out of the

Cash Payment made by Kashi to settle the Litigation pursuant to the time table set forth in the Stipulation.

18. The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

19. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

20. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

21. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

IT IS SO ORDERED.

DATED: Jan. 29, 2015
Miami, FL

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT COURT JUDGE