# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON


Case No. 12-21678- CIV-LENARD/GOODMAN


**KATRINA GARCIA and LAURA
EGGNATZ, individually and on behalf of
all others similarly situated,**

      Plaintiffs,

vs.


**KASHI COMPANY, a California
Corporation, and THE KELLOGG
COMPANY, a Michigan Corporation,**

      Defendants.


**<u>STIPULATION OF SETTLEMENT</u>**

    This Stipulation of Settlement is made and entered into by and among Plaintiffs Katrina

Garcia and Laura Eggnatz ("Plaintiffs"), on behalf of themselves and each of the Settlement Class

Members, and Defendants Kashi Company ("Kashi") and The Kellogg Company ("Kellogg")

(collectively "Defendants"). (Plaintiffs and Defendants collectively are the "Parties").

**I.      RECITALS**

    A.    On May 3, 2012, Plaintiffs Katrina Garcia and Laura Gabbamonte filed a Complaint

against Kashi Company and The Kellogg Company in the Southern District of Florida, <u>Garcia v.</u>

<u>Kashi Company</u>, Case No. 12-21678-CIV-LENARD/GOODMAN (S.D. Fla. 5/3/2012). (ECF No. 1).

B.      On July 7, 2012, Defendants Kashi and Kellogg filed a Motion to Dismiss the Complaint for Failure to State a Claim. (ECF No. 7). Plaintiffs filed a Response to the Motion to Dismiss on July 25, 2012 (ECF No. 9) and Defendants filed a Reply in Support of the Motion on August 6, 2012 (ECF No. 13).

C.      On September 14, 2012, Plaintiff Julie Martin filed a Class Action Complaint against The Kellogg Company and Kashi Company in the Northern District of California, <u>Martin v. The Kellogg Company, et al</u>., No. CV 12-04846 CRB (N.D. Cal. 9/14/2012).

D.      On December 7, 2012, United States District Court Judge Charles R. Breyer of the Northern District of California ordered that Plaintiff Martin's Case No. CV 12-04846 CRB (N.D. Cal.) be transferred to the Southern District of Florida.

E.      On January 11, 2013, United States District Court Judge Joan A. Lenard of the Southern District of Florida entered an Order consolidating the <u>Garcia</u> case, No. 12-21678- CIV-LENARD/GOODMAN (S.D. Fla. 5/3/2012) and the <u>Martin</u> case, No. CV 12-04846 CRB (N.D. Cal.). (ECF No. 30).

F.      On February 1, 2013, Plaintiffs Katrina Garcia, Laura Eggnatz (f/k/a Laura Gabbamonte), and Julie Martin filed an Amended Consolidated Class Action Complaint against Kashi and Kellogg (Case No. 12-21676). (ECF No. 34).

G.      On March 1, 2013, Defendants Kashi and Kellogg filed a Motion to Dismiss the Amended Consolidated Class Action Complaint for Failure to State a Claim. (ECF No. 37).  Plaintiffs filed a Response to the Motion to Dismiss on April 4, 2013 (ECF No. 43), and Defendants filed a Reply in Support of the Motion on April 19, 2013 (ECF No. 45).

H.      On October 18, 2013, Plaintiffs filed a Second Amended Consolidated Class Action Complaint against Kashi and Kellogg. (ECF No. 58).

I.      In the Second Amended Consolidated Class Action Complaint, Plaintiffs allege that Defendants' advertising and labeling of certain Kashi brand cereal products, snack bars, cookies, crackers, crisps, entrees, pilaf, pizza and waffle products as "ALL NATURAL" and/or containing

"nothing artificial" is deceptive and likely to mislead the public because the products each contain one or more of the following ingredients: Genetically Modified Organisms ("GMOs") and/or synthetic ingredients, such as GMO soy, GMO soy-derivatives, GMO corn, GMO corn-derivatives, Pyridoxine Hydrochloride, Alpha-Tocopherol Acetate, Hexane-Processed Soy ingredients and Calcium Pantothenate. Plaintiffs allege that, based on the packaging and advertising, they believed the products contained no synthetic or artificial ingredients and were induced to buy the Products at a premium price by the words 'all natural' on the packaging and Defendants' representations that the Products had 'nothing artificial.' Plaintiffs claim that they expected to purchase products with wholesome ingredients untouched by scientific modifications—only to learn that they were in fact consuming bioengineered, artificial and synthetic ingredients, which they contend do not meet the definition of "all-natural" in the federal regulations. Plaintiffs further allege that they either would not have purchased the products or would have paid less for the products had they known at the time of purchase that the products contained ingredients that were unnatural, synthetic or artificial.

J.      On December 2, 2013, Defendants Kashi and Kellogg filed a Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Failure to State a Claim. (ECF No. 71). Plaintiffs filed a Response to the Motion to Dismiss on December 23, 2013 (ECF No. 80), and Defendants filed a Reply in Support of the Motion on January 6, 2014 (ECF No. 84).

K.      On December 12, 2012, the Parties participated in a voluntary mediation session with the Honorable J. Richard Haden (Ret.) but did not reach a settlement. On January 9, 2014, Judge Lenard entered an Order Referring Case No. 12-21678 to Mediation (ECF No. 86) and on February 19, 2014 ordered that the Parties schedule mediation (ECF No. 94). On June 4, 2014, the Parties participated in a second mediation session with the Honorable J. Richard Haden (Ret.) but again did not reach a settlement. (ECF No. 97).

L.      On September 5, 2014, Judge Lenard entered an Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint. (ECF No. 99). The Court dismissed the Second Amended Complaint with prejudice as to

The Kellogg Company, dismissed with prejudice Plaintiffs' Claims for Implied Warranty of Fitness for Purpose and for a Declaratory Judgment, and held that Plaintiffs had standing to bring claims against Kashi only for those eight products that Plaintiffs claimed to have purchased: Kashi® GOLEAN® Crunch! Cereal; Kashi® GOLEAN® Crunchy! Chocolate Peanut Protein & Fiber Bars; Kashi® GOLEAN® Roll! Chocolate Peanut Protein & Fiber Bars; Kashi® TLC Trail Mix Chewy Granola Bars; Kashi® TLC Honey Almond Flax Chewy Granola Bars; Kashi® TLC Peanut Peanut Butter Chewy Granola Bars;  Kashi® TLC Cherry Dark Chocolate Chewy Granola Bars; and Kashi® TLC Pumpkin Spice Flax Crunchy Granola Bars.

M.      On January 16, 2015, Plaintiffs filed a motion for class certification.  (ECF No. 118 ). On February 16, 2015 Kashi filed a Response in Opposition to Plaintiffs' Motion to Certify A Class. (ECF No. 149).  On March 2, 2015, Plaintiffs filed a Reply in Support of their Motion to Certify A Class. (ECF No. 166).

N.      On January 16, 2015, Kashi filed a motion for summary judgment.  (ECF No. 119.) On February 13, 2015 Plaintiffs filed a Response in Opposition to Kashi's motion for summary judgment.  (ECF No. 142).  On March 2, 2015, Kashi filed a Reply in Support of its Motion for Summary Judgment. (ECF No. 163).

O.      On April 6, 2015, Class Counsel, Defendant and Defendant's Counsel filed a Joint Post-Mediation Status Report and Joint Motion to Vacate All Pending Motions and Trial Dates with Incorporated Memorandum of Law, informing the Court that following private mediation that included three mediation sessions before the Honorable J. Richard Haden (Ret.) and months of protracted, extensive and hard-fought negotiations, the Parties reached a settlement of this class action pursuant to the terms set forth in this Stipulation of Settlement. (ECF No. 170).

P.      Plaintiff Julie Martin intends to voluntarily dismiss her claims with prejudice.

Q.      Based upon Class Counsel's investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, including the completion of all merits discovery in this action and the Parties' exchange of trial expert reports on liability and damage issues, Plaintiffs and Class

4

Counsel agreed to settle the Litigation pursuant to the provisions of this Stipulation after considering, among other things: (1) the substantial benefits available to the Class under the terms herein; (2) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Stipulation to provide effective relief to the Class and to end the conduct at issue. Based upon Class Counsel's investigation and analysis, Class Counsel finds this settlement is fair, reasonable and adequate.

R.      Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

S.      Nonetheless, Defendants have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation. Defendants, therefore, have determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

T.      This Stipulation effectuates the resolution of disputed claims and is for settlement purposes only.

## II.     DEFINITIONS

A.      As used in this Stipulation the following capitalized terms have the meanings specified below. Unless otherwise indicated, defined terms include the plural as well as the singular.

1.      "Challenged Ingredients" means one of more of the following ingredients: Genetically Modified Organisms ("GMOs") and/or synthetic ingredients, such as GMO soy, GMO soy-derivatives, GMO corn, GMO corn-derivatives, Pyridoxine Hydrochloride, Alpha-Tocopherol Acetate, Hexane-Processed Soy ingredients and Calcium Pantothenate.

2.      "Claim Form" means the documents to be submitted by Claimants seeking payment pursuant to this Stipulation that will be available online at the Settlement Website, substantially in the form attached hereto as Exhibit A and discussed in § IV.A.5 of this Stipulation.

3.      "Claimant" means a Settlement Class Member who submits a claim for payment as described in § IV of this Stipulation.

4.      "Claims Administration Protocols" means the protocols set forth in the Claims Administration Protocols, attached as Exhibit B.

5.      "Class" means all consumers, excluding California residents, who purchased any package of the Products in the United States during the Settlement Class Period (between May 3, 2008 through the date of the Preliminary Approval Order) for personal or household use.  Excluded from the Class are:  (a) employees, officers and directors of Kellogg and Kashi; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; (f) the Court, the Court's immediate family, and Court staff; and (g) California residents.

6.      "Class Action Settlement Administrator" means, subject to Court approval, Digital Settlement Group, LLC, which will provide the Class Notice and administer the claims process.

7.      "Class Counsel" means, subject to Court approval to represent the Settlement Class, the following attorneys:

Mark A. Milstein
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelman.com
gwade@milsteinadelman.com
savila@milsteinadelman.com

Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (800) 436-6437
Fax: (415) 692-6607
mfraser@hwrlawoffice.com

L. DeWayne Layfield
LAW OFFICE OF
L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
dewayne@layfieldlaw.com

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139
Telephone: (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com

8.     "Class Notice" means, collectively, the "Notice of Class Action Settlement" and the "Publication Notice," substantially in the forms attached hereto as Exhibit C and Exhibit D, respectively, and discussed in § V of this Stipulation, but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court.

9.     "Class Representatives" means, subject to Court approval, Laura Eggnatz and Katrina Garcia.

10.    "Court" means the United States District Court for the Southern District of Florida, Miami Division.

11.    "Defendants" for purposes of this Stipulation means Kellogg and Kashi.

12.    "Defendants' Counsel" means the following individuals:

Dean N. Panos
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2765

Kenneth K. Lee
Jenner & Block LLP
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100

Edward M. Waller, Jr.
BUCHANAN INGERSOLL & ROONEY P.C.
501 E. Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Telephone: (813) 228-7411
Fax: (813) 229-8313

13.    "Effective Date" means the date on which all of the conditions of settlement have been satisfied, as discussed in § IX of this Stipulation.

7

14.     "Final Judgment" means the "Final Judgment And Order of Dismissal" to be entered by the Court, substantially in the form attached hereto as Exhibit E, which, among other things, fully and finally approves the Settlement and dismisses the Second Amended Consolidated Class Action Complaint with prejudice.

15.     "Litigation" means the lawsuit captioned <u>Garcia, et al. v. Kashi Company</u>, Case No. 12-21678-CIV-LENARD/GOODMAN (S.D. FL.), consisting of the Second Amended Consolidated Class Action Complaint and any earlier Complaints.

16.     "Notice Deadline" is seventy-five (75) days after the Court enters the Preliminary Approval Order and means the deadline for all notifications discussed in the media plan (attached as Exhibit G).

17.     "Party" or "Parties" means the Plaintiffs and Defendants in this Litigation and Settlement.

18.     "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

19.     "Plaintiffs" means the class representatives Laura Eggnatz and Katrina Garcia, on behalf of themselves and each of the Settlement Class Members.

20.     "Plaintiffs' Counsel" means Class Counsel and the following individuals:

Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (800) 436-6437
Fax: (415) 692-6607
mfraser@hwrlawoffice.com

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139
Telephone:  (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com

L. DeWayne Layfield
LAW OFFICE OF L. DEWAYNE LAYFIELD
PO Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
   dewayne@layfieldlaw.com

Robert A. Chaffin
The Chaffin Law Firm
4265 San Felipe #1020
Houston, TX 77027
Telephone:  (713) 528-1000
 Fax: (713) 952-5972
 robert@chaffinlawfirm.com

Mark A. Milstein
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelman.com
gwade@milsteinadelman.com
savila@milsteinadelman.com

21.    "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Providing For Notice and Scheduling Order," substantially in the form of Exhibit F attached hereto, which, among other things, preliminarily approves this Stipulation, certifies the settlement-only class, provides for notification to the Settlement Class and sets the schedule for the Settlement Hearing.

22.    "Products" means all Kashi products labeled as "All Natural," "100% Natural," "Nothing Artificial," and the like, including but not limited to, all products included on the attached Exhibit H.

23.    "Released Claims" shall be construed as broadly as possible to effect complete finality over this Litigation, and means, with the exception of claims for personal injury, any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that arose during the Settlement Class Period against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to the packaging, marketing, distribution or sale by Kashi of food products labeled as "All Natural," "100%  Natural," "Nothing Artificial," or the like, which have been or could have been asserted by the Class Representatives in Plaintiffs' Second Amended Consolidated Class Action Complaint or in any of the previous Complaints.  The Released Claims do not include, and members of the Settlement Class expressly reserve, claims and causes of action for personal injury.

24.     "Released Persons" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means and includes Kashi and its past and present direct and indirect corporate parents (including without limitation Kellogg Company), subsidiaries and affiliates (including without limitation Kashi Sales, LLC), joint-ventures, partners, members, divisions, distributors, wholesalers, retailers, re-sellers, licensors, suppliers, officers, directors, employees, shareholders, agents, attorneys, administrators, successors, predecessors, insurers, spokespersons, public relations firms, advertising and production agencies and assigns of all such persons or entities.

25.     "Service Award" means any award sought by application to and approved by the Court that is payable to the Representative Plaintiffs.

26.     "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not been properly excluded from the Class.

27.     "Settlement Class Period" means the period from May 3, 2008 through the date of Preliminary Approval of this Settlement.

28.     "Settlement Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be finally approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.  The Parties shall ask the Court to schedule a date for the Settlement Hearing 120 days after the Court enters the Preliminary Approval Order.

29.     "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form which can be submitted online or printed and mailed.  The Settlement Website shall be activated no later than seven (7) days after the Court enters the Preliminary Approval Order.

30.     "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendants.

B.     Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.     CERTIFICATION OF THE SETTLEMENT CLASS

Defendants hereby consent, solely for purposes of the settlement set forth herein, to the certification of the Settlement Class, to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiffs as suitable representatives of the Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in § IX.C of this Stipulation, then Defendants retain all rights held immediately preceding the execution of this Stipulation to object to the maintenance of this Litigation as a class action by Class Counsel, and in that event, nothing in this Stipulation or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the Class is ascertainable, or whether Class Counsel or the Plaintiffs can adequately represent the Settlement Class Members under applicable law.

## IV.     SETTLEMENT RELIEF

The settlement relief includes cash payments and non-monetary relief.

## A.     Cash Payments

### 1.     Class Members' Cash Recovery

a.     <u>With Proof of Purchase</u>:  Class members may seek a full refund of their purchases for every Product purchased during the Settlement Class Period, for which they can present written proof of purchase in the form of a receipt, subject to Section IV(A)(2) herein.

11

    b. <u>Without Proof of Purchase</u>:  Class members may make a claim for every Product for which they submit a valid Claim Form.  Class members may seek reimbursement at $0.55 (fifty-five cents) per package for every Product purchased during the Settlement Class Period, with a maximum recovery of 50 (fifty) boxes for a total recovery of $27.50 per household, subject to Section IV(A)(2) herein.

    c. Class Members may obtain relief under both Paragraphs IV.A.1(a) and (b) with the appropriate paper work and subject to the maximum recovery amounts permitted for each type of claim.

    d. Claimants may seek reimbursement by submitting a Claim Form either by mail or electronically.  Each Claim Form will be signed (electronic or manual) certifying that all information contained in the Claim Form is true and correct and acknowledging that the information is subject to audit for the purpose of preventing fraud.  The actual amount paid to individual Claimants will depend upon the number of valid claims made.  Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

    2. **Cash Payment**

    a. In accordance with the payment schedule set forth in § IV.A.7, below, Defendants shall pay in settlement a total sum that shall not exceed $3.99 million (three million nine hundred ninety thousand dollars), which funds shall be paid, less any costs associated with the Class Action Settlement Administrator paid by Defendants prior to that time, in trust to a third party institution (the "Fund Institution") to be approved by the Parties to establish an interest bearing, non-reversionary account for payments made pursuant to this section.

    b. The money in this account shall be applied to pay in full and in order: (i) all costs associated with the Settlement Administrator, including costs of providing notice to the Class Members and Processing Claims; (ii) any attorneys' fees award made by the Court to Plaintiffs' Counsel; (iii) any Service Award made by the Court to the Class Representatives; and (iv) payments

to Class Members who make valid claims as allowed by this Settlement Agreement and to be approved by the Court.

        3.      **Insufficient or Excess Funds**

        a.      If the total amount of eligible claims exceeds the amount remaining in the account after accounting for court-approved costs associated with the Settlement Administrator, the cost/ expense award to Class Counsel, the attorneys' fees award to Class Counsel, and the Service Award to the Class Representatives, then each Class Member's award shall be proportionately reduced on a per-unit basis.  In no event shall the total amount of money available to the Class be less than $2 million dollars.

        b.      If there remains any money in the account after accounting for court-approved costs associated with the Settlement Administrator, the cost/ expense award to Class Counsel, the attorneys' fees award to Class Counsel, the Service Award to the Class Representatives, and all eligible claims, the remaining amount shall be used to proportionally increase the recovery of each eligible claim on a per-unit basis.

        4.      **Delivery of Payments to Settlement Class Members**

        a.      The Class Action Administrator shall send a deficiency letter to any applicable Settlement Class Member explaining the rejection of any claim no later than thirty (30) days after the Effective Date.  Settlement Class Members' time to cure any deficiencies shall expire forty-five (45) days after the Effective Date.

        b.      The Class Action Administrator will send payment directly to the eligible Settlement Class Member no later than ninety (90) days after the Effective Date (the "Claims Payment Date").

        c.      Failure to provide all information requested in the Claim Form will not result in nonpayment of a claim.  Instead, the Class Action Settlement Administrator will take all adequate and customary steps to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise

13

submitted, the amount of money available to pay all valid claims, and such other reasonably available information from which eligibility for payment can be determined.

        5.        **Claim Form Availability**

The Claim Form will be available for downloading and may be completed and submitted online at the Settlement Website.  The Claim Form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

        6.        **Eligibility for Cash Payment**

        a.        To be eligible for a cash payment, the Settlement Class Member must timely submit a signed and completed Claim Form to the Settlement Administrator containing his or her name and mailing address.  The Claim Form will also request an e-mail address for the Settlement Class Member, but an e-mail address will not be required to be eligible for a cash payment.  The Settlement Administrator may pay claims that are otherwise valid but untimely filed if there is sufficient money to pay all valid and timely claims in full plus untimely but otherwise valid claims, and payment of any such untimely but valid claims is administratively feasible and otherwise reasonable, taking into account the need to timely pay claims.  The determination of the Class Action Settlement Administrator, after consultation with Class Counsel and Defendants' Counsel, concerning the eligibility and amount of payment shall be final.  In the event a Settlement Class Member disagrees with such a determination, the Class Action Settlement Administrator agrees to reconsider such determination, which includes consultation with Class Counsel.

        b.        To be eligible, Claim Forms must be postmarked or submitted online no later than eight (8) days before the Settlement Hearing (the "Claims Deadline").

        7.        **Funding the Settlement**

        a.        Defendants shall, within five (5) business banking days, Eastern Time (excluding holidays, banking holidays and weekends) of entry of Preliminary Approval Order, pay, via wire transfer, the sum of $300,000 (three hundred thousand dollars) to Digital Settlement Group,

LLC, as the Class Action Settlement Administrator, to cover administrative costs and claims processing costs.

        b.    The remaining $3,690,000 (three million, six hundred and ninety thousand dollars) shall be paid, via wire transfer, to the Fund Institution, no later than ten (10) days after the Effective Date.

B.    **CAFA Notice**

    Digital Settlement Group, LLC, as the Class Action Settlement Administrator, shall provide the necessary notices to the United States Attorney General and the Florida Attorney General in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715

C.    **Other Relief**

    1.    By the later of (i) 120 days following the Effective Date or (ii) December 31, 2015 ("the Injunctive Relief Effective Date"), Kashi agrees to modify its current labeling and advertising to remove "All Natural," "100% Natural," or  "Nothing Artificial" on any Products containing any of the Challenged Ingredients, unless the ingredients are approved or determined as acceptable for products identified as "natural" by a federal agency or controlling regulatory body. Products affected include but are not limited to those products included on Exhibit H.  Sales of products manufactured prior to the Injunctive Relief Effective Date shall not constitute a violation of this Stipulation.  The injunctive terms and requirements of this Paragraph shall expire three years after the Effective Date.

    2.    Defendants intend to package certain Products with a "Non-GMO Project Verified label." Defendants will provide Class Counsel with a list of these products, as well as with updated compliance information regarding Non-GMO Project Verified label designations on Products on a bi-annual basis for a period of three years from the Effective Date.  Specifically, Defendants will provide the following documents:

        a.    Documents identifying Defendants' third party technical administrator ("TA") for the Non-GMO Project Verified verification process for the Products;

        b.       Copies of all licensing agreements for the Products between Defendants and the Non-GMO Project;

        c.       Copies of all documents regarding the Products provided to Defendants' TA for evaluation;

        d.       Copies of Defendants' press releases regarding the Products' Non-GMO Project Verification;

        e.       Copies of all label modifications made and introduced into the stream of commerce on the Products, once annually for three (3) years.

## V.  NOTICE TO THE CLASS, COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF

### A.  Class Notice

The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), model class notices of the Federal Judicial Center and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.  Collectively, the Class Notice shall set forth the following information

      1.     General Terms.  The Class Notice shall:

        a.       inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

        b.       contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

        c.       describe the proposed settlement relief outlined in this Stipulation;

        d.       explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding;

        e.       that a Class Member may enter an appearance through an attorney if the Member so desires; and,

        f.       state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

        2.       Notice of Exclusion, Objection and Other Rights.  The Class Notice shall inform Settlement Class Members:

        a.       that they may exclude themselves from the Class by submitting a written exclusion request postmarked no later than thirty (30) days before the date the Court sets for the Settlement Hearing;

        b.       that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than thirty (30) days before the date the Court sets for the Settlement Hearing;

        c.       that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Settlement Hearing either personally or through counsel;

        d.       that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

        e.       that any Settlement Class Member who has not submitted a timely written request for exclusion may submit a completed and signed Claim Form seeking a cash payment under this settlement that must be postmarked or electronically submitted no later than thirty (30) days before the date the Court sets for the Settlement Hearing; and

        f.       of the terms of the release.

3.      No later than seven (7) days after the Court enters the Preliminary Approval Order, the Class Notice shall be posted on the Settlement Website and, at their option, on the websites of Class Counsel.  The Class Notice shall also be sent via electronic mail or regular mail to those Class Members who so request.

**B.      Publication Notice Deadline**

No later than seventy-five (75) days after the Court enters the Preliminary Approval Order, the Class Action Settlement Administrator will cause to be published in accordance with the media plan, attached as Exhibit G, the Publication Notice, a copy of which is attached as Exhibit D.

**C.      Retention of Class Action Settlement Administrator**

Subject to Court approval, Digital Settlement Group, LLC, shall be retained as the Class Action Settlement Administrator to help implement the terms of the proposed Stipulation.  All costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Class Members and processing claims, shall be paid out of the funds paid to Digital Settlement Group, LLC pursuant to § IV.A.7.a  of this Agreement.  Any reasonable costs associated with the Class Action Settlement Administrator incurred prior to the transfer of funds to Digital Settlement Group, LLC pursuant to § IV.A.7.a  of this Agreement will be paid by Defendants with any such payments reducing the amount Defendants are obligated to pay to Digital Settlement Group, LLC.

1.      The Class Action Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Class Notice, Claim Forms to Settlement Class Members, and the statement pursuant to § IV.A.4, (b) arranging for publication of the Publication Notice, (c) handling returned mail not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice Packages returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members

and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (h) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (i) establishing a toll-free hotline, (j) receiving and processing claims and distributing payments to Settlement Class Members, (k) submitting a declaration attesting to the dissemination of the Class Notice and the number of claims received, and (l) otherwise assisting with administration of the Stipulation.

        2.     The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

        a.     The Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

        b.     The Class Action Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendants and/or Defendants' Counsel.

## VI.    APPROVAL PROCEDURES AND RELATED PROVISIONS

### A.    Preliminary Approval and Settlement Hearing

Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation, providing for the dissemination of the Class Notice, and scheduling a Settlement Hearing.

### B.    Requests for Exclusion

        1.     Any potential Settlement Class Member who wishes to be excluded from the Class must mail or deliver a written request for exclusion to the Claims Administrator, care of the address provided in the Class Notice, postmarked or delivered no later than thirty (30) days before the Settlement Hearing, or as the Court otherwise may direct.  The written request for exclusion must

request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the requester is a member of the Settlement Class. A list reflecting all requests for exclusion shall be filed with the Court by Claims Administrator at or before the Settlement Hearing.

        2.    Any potential Settlement Class Member who does not submit a timely written request for exclusion as provided in the preceding § VI.B.1 shall be bound by all subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendants relating to the Released Claims.

C.      **Objections to Settlement**

        1.    Any potential Settlement Class Member who wishes to object to or oppose the approval of this Settlement and/or the Fee Award and/or the motion for the Service Award to the Class Representatives shall submit to the Clerk of the Court and serve a written objection at least thirty (30) days before the Settlement Hearing, or as the Court may otherwise direct. The written objection must contain the following:

        a.    the name of this Litigation;

        b.    the objecting Class Member's full name and address;

        c.    all grounds for the objection, accompanied by any legal support known to the objecting Class Member or his or her counsel;

        d.    the identity of all counsel, including the lawyer's name, address and telephone number, who represent the objecting Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

        e.    a statement confirming whether the objecting Class Member or any counsel representing the objecting Class Member intends to personally appear and/or testify at the Settlement Hearing;

    f.  a list of any persons who may be called to testify at the Final Approval Hearing in support of the objection; and,

    g.  The signature of the objecting Class Member.

    2.  The written objection must be submitted to the Clerk of the Court with copies sent to the following Class Counsel and Defense Counsel:

| | |
|---|---|
| Mark A. Milstein | Dean N. Panos |
| Gillian L. Wade | JENNER & BLOCK LLP |
| Sara D. Avila | 353 North Clark Street |
| MILSTEIN ADELMAN LLP | Chicago, IL  60654-3456 |
| 2800 Donald Douglas Loop North | Telephone:  (312) 923-2765 |
| Santa Monica, CA 90405 | |
| Telephone: (310) 396-9600 | |
| Fax: (310) 396-9635 | |

    3.  Class Counsel may file a short response to objections no later than 14 days before the Settlement Hearing. If Class Counsel receives any objections that have not previously been filed on the ECF for this Litigation, Class Counsel will concurrently upload said objection(s).

## VII. RELEASES

    As of the Effective Date, Plaintiffs and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class pursuant to §VI.B of this Stipulation, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.  In connection with the Released Claims, each Settlement Class Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and benefits, including any claims which the class member does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## VIII.   CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS

A.      The Parties agree that Class Counsel may apply for and Defendants shall not oppose an award of attorneys' fees in an amount not to exceed $1,500,000 (one million five hundred thousand dollars) ("Fee Award").  The Parties agree that Class Counsel may apply for and Defendants shall not oppose an award of actual out-of-pocket expenses in an amount not to exceed $180,000 (one hundred eighty thousand dollars) ("Expense Award").  Subject to the terms and conditions of this Stipulation and any order of the Court, the Fee Award and Expense Award awarded by the Court to Class Counsel shall be paid within ten (10) days after the Effective Date.  Such payment will be in lieu of any statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover from Kashi.

B.      Class Counsel shall allocate and distribute the Court's Fee Award and Expense Award among Plaintiffs' Counsel.  Defendants shall have no liability or other responsibility for allocation of any such Fee and Expense Award awarded, and, in the event that any dispute arises relating to the allocation of fees, Class Counsel agree to hold Defendants harmless from any and all such liabilities, costs, and expenses of such dispute.

C.      Class Counsel may ask the Court for the award of a Service Award of $5,000 (five thousand dollars) to both of the Class Representatives, for a total of $10,000 (ten thousand dollars).  Any Service Awards approved by the Court shall be paid within ten (10) days after the Effective Date.

## IX.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.      The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

1.      The Court has preliminarily approved this Stipulation and entered the Preliminary Approval Order;

2.      The Court has entered the Final Judgment; and

3.      Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred:  (i) in the event there is a properly and timely filed objection to entry of the Final Judgment, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment; (ii) the final dismissal of all appeals from the Final Judgment; (iii) affirmance on appeal of the Final Judgment in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment, the time to petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to such ruling or decision has expired; or (v) if a petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to the Final Judgment is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment in substantial form.

B.      If all of the conditions specified in § IX.A of this Stipulation are not met, then this Stipulation shall be canceled and terminated unless Class Counsel and Defendants mutually agree in writing to proceed with this Stipulation.

C.      In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this entire Stipulation shall become null and void.

D.      In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, any reasonable costs associated with the Class Action Settlement Administrator incurred prior to that time will be paid out of the disbursement made to the Fund Institution pursuant to § IV.A.2.b(i) of this Stipulation with all remaining funds from that disbursement returned to Defendants.

## X.      MISCELLANEOUS PROVISIONS

A.      The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

B.      The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

C.      This Stipulation contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them.  Except for § I, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties. Any presumption generally recognized in the laws of the United States of America or of any state or territory thereof, or of the common law or civil law that uncertainties in a contract are interpreted against the party causing an uncertainty to exist hereby is waived by all Parties.

D.       The terms of this Stipulation are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

E.      Whenever this Stipulation requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile, email and/or next day (excluding Sunday) express delivery service as follows:

       1.      If to Plaintiffs, then to:

            Mark A. Milstein
            Gillian L. Wade
            MILSTEIN ADELMAN LLP
            2800 Donald Douglas Loop North
            Santa Monica, CA 90405
            Telephone: (310) 396-9600
            Fax: (310) 396-9635
            mmilstein@milsteinadelman.com
            gwade@milsteinadelman.com

       2.      If to Defendants, then to:

            Dean N. Panos
            dpanos@jenner.com

Jenner & Block LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:   (312) 923-2765
Facsimile:   (312) 840-7765

F.      The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendants' Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

G.      All time periods set forth herein shall be computed in business days if seven (7) days or less and calendar days if eight (8) days or more unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days.  As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

H.      The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

I.      This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and any of Defendants' Counsel.  Amendments and modifications may be made

25

without additional notice to the Settlement Class Members unless such notice is required by the Court.

      J.      The Exhibits to this Stipulation are an integral part of the Settlement and are hereby incorporated and made a part of this Stipulation.

      K.      Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants, or of the propriety of Class Counsel maintaining the Litigation as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Defendants may file this Stipulation or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      L.      The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

      M.      This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

      N.      This Stipulation may be executed in counterparts, each of which shall constitute an original.

      IN WITNESS THEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized representatives.

**FOR PLAINTIFFS**

Dated:  June 5, 2015                    By:  _____

Katrina García, individually and on behalf of
all others similarly situated


Dated:  June 5, 2015                    By:  _____

Laura Eggnatz, individually and on behalf of
all others similarly situated


Dated:  June 5, 2015                    By:    /s/ Mark A. Milstein
Mark A. Milstein
Gillian L. Wade
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelman.com
gwade@milsteinadelman.com

Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (800) 436-6437
Fax: (415) 692-6607
mfraser@hwrlawoffice.com


L. DeWayne Layfield
LAW OFFICE OF
L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
dewayne@layfieldlaw.com

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139
Telephone:  (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com

Robert A. Chaffin.

27

Dated:  June 5, 2015                        By: _____
                                                 Katrina Garcia, individually and on behalf of
                                                 all others similarly situated


Dated:  June 5, 2015                        By: _____
                                                 Laura Eggnatz, individually and on behalf of
                                                 all others similarly situated


Dated:  June 5, 2015                        By:  /s/ Mark A. Milstein
                                                 Mark A. Milstein
                                                 Gillian L. Wade
                                                 MILSTEIN ADELMAN LLP
                                                 2800 Donald Douglas Loop North
                                                 Santa Monica, CA 90405
                                                 Telephone: (310) 396-9600
                                                 Fax: (310) 396-9635
                                                 mmilstein@milsteinadelman.com
                                                 gwade@milsteinadelman.com

                                                 Michael T. Fraser
                                                 THE LAW OFFICES OF
                                                 HOWARD W. RUBINSTEIN
                                                 One Embarcadero Center, Suite 500
                                                 San Francisco, CA 94111
                                                 Telephone:  (800) 436-6437
                                                 Fax: (415) 692-6607
                                                 mfraser@hwrlawoffice.com


                                                 L. DeWayne Layfield
                                                 LAW OFFICE OF
                                                 L. DEWAYNE LAYFIELD
                                                 P.O. Box 3829
                                                 Beaumont, TX 77704-3829
                                                 Telephone: (409) 832-1891
                                                 Fax: (866) 280-3004
                                                 dewayne@layfieldlaw.com

                                                 Angela Arango-Chaffin
                                                 90 Alton Road, Unit 2704
                                                 Miami Beach, FL 33139
                                                 Telephone:  (713) 818-2515
                                                 Fax: (713) 952-5972
                                                 angela@chaffinlawfirm.com

                                                 Robert A. Chaffin.

The Chaffin Law Firm
4265 San Felipe #1020
Houston, TX 77027
Telephone:  (713) 528-1000
Fax: (713) 952-5972
robert@chaffinlawfirm.com

**FOR DEFENDANTS**

Dated:  June 5, 2015                    JENNER & BLOCK LLP

                                  By:   __/s/ Dean N. Panos_____
                                         DEAN N. PANOS
                                         353 North Clark Street
                                         Chicago, IL  60654-3456
                                         Telephone:  (312) 923-2765
                                         Facsimile:   (312) 840-7765
                                         dpanos@jenner.com

                                         Kenneth K. Lee (Cal. Bar No. 264296)

                                         JENNER & BLOCK LLP

                                         633 West 5th Street, Suite 3600

                                         Los Angeles, CA 90071

                                         Telephone:  (213) 239-5100

                                         Facsimile:   (213) 239-5199

                                         Email:  klee@jenner.com

                                         Edward M. Waller, Jr.
                                         BUCHANAN INGERSOLL & ROONEY P.C.
                                         501 E. Kennedy Boulevard
                                         Suite 1700
                                         Tampa, FL 33602
                                         Telephone: (813) 228-7411
                                         Fax: (813) 229-8313

**EXHIBIT A**

**EXHIBIT A**

**CLAIM FORM**

# KASHI SETTLEMENT CLAIM FORM

       If you wish to make a claim to receive monetary compensation as described in the Stipulation of Settlement, you must submit this Claim Form to the Class Action Settlement Administrator, either by completing and submitting it online or by printing it, completing it, and mailing it to:_____.  The Claim Form must be completed, verified and submitted online <u>OR</u> completed, signed, and postmarked on or before **[DATE]** for it to be valid.

To qualify for monetary compensation, you must <u>not</u> be a California resident and must have purchased for personal or household use, the All Natural / Nothing Artificial Food Products listed in Exhibit H to the Kashi Stipulation of Settlement (available at www._____.com) between May 3, 2008 and [insert the date of Preliminary Approval of the Settlement]. Officers, directors, and employees of Defendant are not eligible to receive monetary compensation.  A complete definition of the class qualifications is provided in the Stipulation of Settlement, which is available at www.------------------.com.

There is a limit of one Claim Form per person, and, if you do not have a receipt evidencing purchase, there is a limit of $27.50 per household.  If you do have receipts evidencing purchases, there is no limit for those items.  The total monetary amount you receive, however, may increase or decrease depending upon the number of valid claims made. Claim Forms must be submitted online or mailed to:  Digital Settlement Group, LLC, P.O. Box , ADDRESS__or online at www._____.com.

**<u>Please provide the following required information:</u>**
**<u>Claimant Information</u>**

| | |
|---|---|
| _____ | ( )  _____ |
| Your Name (First, MI, Last) | Daytime Phone |
| _____ | _____ |
| Current Street Address | Apartment/Unit |
| _____ | _____  _____ |
| City | State            ZIP |

**<u>Qualification Information</u>**

Please check one of the following boxes below and provide the number of purchases in the space provided:

☐   I do not have a receipt evidencing purchase.

      • Please provide the number of packages of the Kashi All Natural/ Nothing Artificial Food Products listed in Exhibit H to the Stipulation of Settlement between May 3, 2008 through [date of preliminary approval of settlement]:_____

☐   I have receipts evidencing purchase.

      • Please provide store receipts and the number of packages of the Kashi All Natural/ Nothing Artificial Food Products listed in Exhibit H to the Stipulation

If you have questions about this Claim Form visit [settlement website] or call the claims administrator at __

2367242.4

of Settlement between May 3, 2008 through [date of preliminary approval of settlement]:_____

**CERTIFICATION**
**Please read, date, and sign or verify the statement below [required for all claims].**

I hereby certify under oath that the information provided on this Claim Form is true and correct and that I am not a California resident and did in fact purchase between May 3, 2008 through [insert the date of Preliminary Approval of the Settlement] each package of the Kashi Food Product(s) for which I am here seeking reimbursement.

Signed:  _____     Dated:_____
                                                                            (mm/dd/yyyy):

**Submit or postmark this Claim Form on or before [DATE], or your claim for payment will be rejected.**

If you have questions about this Claim Form visit [settlement website] or call the claims administrator at __

2367242.4

# EXHIBIT B

**EXHIBIT B**

**CLAIMS ADMINISTRATION PROTOCOLS**

These Claims Administration Protocols ("Protocols") are part of the Stipulation of Settlement ("Stipulation") entered into by the Parties in *Garcia, et al. v. Kashi Company*, Case No. 12-21678-CIV-LENARD/GOODMAN (S.D. Fla.) (the "Litigation").

All provisions of the Stipulation are incorporated into these Protocols by reference, including, without limitation, all definitions. All capitalized terms used here shall have the same meaning given them in the Stipulation. These Protocols shall define the duties of the Class Action Settlement Administrator retained to implement the claims process as described in § V.C of the Stipulation. All references to "§" shall be to the Stipulation, unless otherwise noted.

**B.1    Appointment of Class Action Settlement Administrator**

The Kashi All Natural Food Products Class Action Settlement Administrator shall be selected pursuant to § V.C of the Stipulations, and subsequently approved by the Court.

**B.2    Agreement by Class Action Settlement Administrator**

The Class Action Settlement Administrator must consent in writing to serve, and shall abide by the obligations of the Stipulations and these Protocols by executing a counterpart of these Protocols prior to the Preliminary Approval Hearings in the Litigation.

**B.3    Control of Cash in the Settlement Account**

The Cash Payment made to fund the settlement of the Kashi All Natural Food Products Class Action described in § IV.A.2 of the Stipulation shall be maintained in an Account by an independent financial institution, jointly selected by Class Counsel and approved by Defendants' Counsel, that is unaffiliated with the Class Action Settlement Administrator, Defendants, Plaintiffs or Class Counsel (the "Fund Institution"). The Class Action Settlement Administrator shall have no authority under any circumstances to withdraw or disburse any funds from that account directly.  Disbursements from that account pursuant to the Distribution Plan of the Class Action Settlement Administrator as provided by § IV.A.2 and these Protocols shall occur only upon written instructions of Class Counsel and Defendants' Counsel to the Fund Institution. However, the Class Action Settlement Administrator shall have access to information from the Fund Institution about the balance in that account as necessary for the Class Action Settlement Administrator to perform its calculations in preparing the Distribution Plan.

**B.4    Conflicts of Interest**

The Class Action Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer claims. The Class Action Settlement Administrator shall not process the claim of any Class Member if the Class Action Settlement Administrator, Defendants, and/or Class Counsel or Defendants' Counsel determines there is a conflict of interest. If the Class Action Settlement Administrator, Defendants, or Class Counsel learns of a conflict of interest as to a claim, that party shall give written notice to the other parties, who shall

resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution.  The Class Action Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Class Action Settlement Administrator's breach of this provision.

**B.5     Timing**

The Kashi All Natural Food Products Class Action Settlement Administrator shall begin the claims process for the Litigation so it is completed within the time provided in § IV.A.4.b. Pursuant to § IV.A.6.b, the signed Claim Forms of Settlement Class Members seeking cash payments under the settlement must be postmarked or submitted online no later than _____ __, 2015 (the "Claims Deadline").  In no event shall payments be made to Class Members prior to the date provided for funding of the Settlement Funds in § IV.A.7, and preparation of the Distribution Plan ("Claims Payment Date").

**B.6     Maintenance and Preservation of Records**

The Class Action Settlement Administrator shall keep clear and careful records of all communications with Claimants, all claims decisions, all expenses, and all tasks performed in administering the claims process for the Settlement.

**B.7     Method of Submitting Claims**

Claims may be submitted on the Claim Form in hard copy by mail, or online through an Internet-based Claim Form.  The Kashi All Natural Food Products Class Action Settlement Administrator shall establish and maintain a special Internet site, easily accessible through commonly used Internet Service Providers, for the submission of claims.  The Internet site may be the same site as the Settlement Website.  The site shall be maintained continuously until seven (7) days after the Effective Date. The site address shall be identified in the Class Notice. The Class Notice shall specify that claims must be submitted before the Claims Deadline. The Class Action Settlement Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them. The Claim Forms on the Internet site and the hard copy Claim Forms shall be identical in content and shall conform with § B.8, below. The Class Action Settlement Administrator also shall establish a toll-free number which will have recorded information answering questions about the claims submission process in both English and Spanish language.

**B.8     Claim Forms**

All claims shall be submitted on Claim Forms substantially in the form attached to the Stipulation as Exhibit A. Claimants may fill out the Claim Form electronically via the website, and such Claimants shall be required to electronically verify that they are submitting information under oath when required for a claim made pursuant to these protocols.

**B.9     Approval or Denial of Claims**

2

After the Claims Deadline, the Class Action Settlement Administrator shall gather all Claim Forms with any written proof of purchases, whether submitted by internet website or by mail. No later than thirty (30) days after the Effective Date, the Class Action Settlement Administrator shall identify and provide notice to Claimants that will not be paid ("Rejected Claims"), advising them of the opportunity and deadline of forty-five (45) days after the Effective Date to cure any deficiencies. Thereafter, before the Claims Payment Date, the Class Action Settlement Administrator shall consider any attempts to cure and shall identify all claims which will be paid and the amount of each such payment ("Approved Claims"). The Class Action Settlement Administrator shall determine whether claims are Approved Claims or Rejected Claims, subject to *pro rata* reduction, by the following criteria.

### B.9.1  Duplicative Claims

No Claimant may submit more than one Claim Form, two or more Claimants may not submit Claim Forms for all or part of the same purchase, and only one Claimant per household may submit a Claim Form that is not accompanied by written proof of purchase.  After the Claims Deadline but before considering any claims, the Class Action Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Claimant or for the same purchase(s) ("Duplicative Claim Forms"). The Class Action Settlement Administrator shall determine whether there is any duplication of claims, if necessary by contacting the Claimant(s) or their counsel. The Class Action Settlement Administrator shall designate any such Duplicative Claims as Rejected Claims to the extent they allege the same damages or allege damages on behalf of the same Claimant.

### B.9.2  Claim Amounts

For all Claims, the Class Action Settlement Administrator shall examine the Claim Form along with any written proof of purchase submitted before designating the claim as an Approved Claim, to determine that the information on the Claim Form is sufficiently completed to permit a check to be prepared and mailed to the Claimant. The Class Action Settlement Administrator in its discretion may examine and verify a random sample of Claims to prevent fraud and abuse and take other steps to prevent fraud and abuse. Absent fraud or abuse, payment shall be made to Claimants based on the number of packages of the specified Products the Claimant indicates on the Claim Form were purchased between May 3, 2008 through [insert the date of Preliminary Approval of this Settlement], with the possible recovery capped at $27.50 if the Claimant has failed to submit written proof of purchase for the purchases.  If a Claim Form fails to indicate the number of packages purchased, then the Claimant will be paid as if the Claimant indicated the purchase of one package.  If after all valid claims are paid money remains in the account at the Fund Institution, the Class Action Settlement Administrator, after consultation with Class Counsel and Defendant's Counsel, shall use any remaining amount in the account to increase *pro rata* the recovery on each eligible claim.

### B.9.3  Untimely or Incomplete Claims

The Class Action Settlement Administrator shall, in its discretion, decide whether to accept Claim Forms submitted after the Claims Deadline. In deciding whether to accept a late-submitted Claim Form, the Class Action Settlement Administrator shall consider whether enough money exists in the account to pay all valid and timely submitted claims in full, and the length of time the Claim Form was submitted after the Claims Deadline, including whether the late-submitted claim would delay the distribution of settlement payments to Claimants and the reasons for the late submission of the Claim Form. Whenever reasonably possible, if a Claim Form is valid but untimely, it shall be paid provided the funds in the account are sufficient to pay in full all valid and timely submitted claims. In the event the Class Action Settlement Administrator determines that the Claim Form is materially incomplete, but may be cured by the Claimant, the Class Action Settlement Administrator shall contact the Claimant to cure any deficiency with the Claim Form, if reasonably practical.

**B.10    Distribution Plan**

Within 60 days after the Effective Date, the Class Action Settlement Administrator shall deliver the Distribution Plan to Defendants and Class Counsel for approval. Upon specific request by Defendants or Class Counsel or Defendants' Counsel, the Class Action Settlement Administrator also shall provide all information gathered in investigating the claims including copies of all correspondence and emails and all notes of the Class Action Settlement Administrator, the decision reached, and all reasons supporting the decision.

**B.11    Class Action Settlement Administrator's Fees and Expenses**

As provided in § V.C of the Stipulation, the cost of the Class Action Settlement Administrator for administering the Settlement shall be paid out of the Cash Payment to be made by Defendants to settle the Litigation. The Class Action Settlement Administrator shall take all reasonable efforts to administer the claims efficiently and avoid unnecessary fees and expenses. The Class Action Settlement Administrator shall respond promptly to inquiries by Class Counsel and Defendants' Counsel.

**B.12    Access to Information from the Class Action Settlement Administrator**

The Parties are entitled to observe and monitor the performance of the Class Action Settlement Administrator to assure compliance with the Stipulation and the Claims Protocols. The Class Action Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendants, Class Counsel or Defendants' Counsel.

# EXHIBIT C

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# If you are not a California resident and you purchased Kashi All Natural / 100% Natural /Nothing Artificial Products between May 3, 2008 through [enter the date of Preliminary Approval of this Settlement], Your Rights May Be Affected by a Settlement and You May be Eligible for a Cash Refund.

**PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR
www._____com**

*A Federal Court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit which alleged Kashi Company falsely advertised that certain of its products were "All Natural' or 100% Natural or "Nothing Artificial" when the products allegedly contained genetically-modified (GMO) and/or synthetic ingredients.
- If you are not a California resident and you purchased the Kashi products involved in the lawsuit between May 3, 2008 through [insert the date of Preliminary Approval of this Settlement], you may be able to recover money from this Settlement.
- Those included in the Settlement will be eligible to receive (1) a cash payment of up to $27.50, without proof of purchase ($0.55 per qualifying product purchased for up to 50 products), and (2) a full refund for each package purchased with proof of purchase without limitation. Payments may proportionally increase or decrease based on the total number of valid claims received.
- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2015** | The only way to get a cash refund. |
| **EXCLUDE YOURSELF BY _____, 2015** | Get no money from the Settlement. This is the only option that allows you to ever be a part of another lawsuit against Kashi about the legal claims resolved by this Settlement. |
| **OBJECT OR COMMENT BY _____, 2015** | Write to the Court about why you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up your right to sue Kashi about the legal claims resolved by this Settlement. |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

PAGE

BASIC INFORMATION ...................................................................................................................4
  1.  WHAT IS THIS NOTICE ABOUT? ...........................................................................4
  2.  WHAT IS A CLASS ACTION LAWSUIT? ..................................................................4
  3.  WHAT ARE THESE LAWSUITS ABOUT? ..................................................................4

WHO IS INCLUDED IN THE SETTLEMENT? ..............................................................................5
  4.  HOW DO I KNOW IF I AM IN THE SETTLEMENT CLASS? ........................................5

THE SETTLEMENT BENEFITS ...................................................................................................5
  5.  WHAT DOES THE SETTLEMENT PROVIDE? .............................................................5
  6.  WHEN WILL I GET MY PAYMENT? .........................................................................7
  7.  HOW CAN I GET BENEFITS? SUBMIT A CLAIM FORM. ...........................................7

REMAINING IN THE SETTLEMENT ...........................................................................................8
  8.  WHAT AM I GIVING UP IF I STAY IN THE CLASS? ..................................................8
  9.  WHAT HAPPENS IF I DO NOTHING AT ALL? ...........................................................8

THE LAWYERS REPRESENTING YOU .......................................................................................9
  10.  WHO REPRESENTS ME? .....................................................................................9
  11.  WILL I HAVE TO PAY THE LAWYERS? .................................................................9

EXCLUDING YOURSELF FROM THE SETTLEMENT ...............................................................10
  12.  HOW DO I GET OUT OF - OR EXCLUDE MYSELF FROM – THE SETTLEMENT? ......10
  13.  IF I DO NOT EXCLUDE MYSELF, CAN I SUE KASHI COMPANY
       FOR THE SAME THING LATER? ...........................................................................10
  14.  IF I EXCLUDE MYSELF, CAN I GET ANYTHING FROM THE SETTLEMENT? ............11

OBJECTING TO THE SETTLEMENT .........................................................................................11
  15.  HOW DO I OBJECT TO THE SETTLEMENT? .........................................................11

THE COURT'S FINAL APPROVAL HEARING ............................................................................12
  16.  THE HEARINGS TO DECIDE WHETHER TO APPROVE THE SETTLEMENT ............12
  17.  DO I HAVE TO COME TO THE HEARING? .............................................................
  18.  MAY I SPEAK AT THE HEARING? .......................................................................

GETTING MORE INFORMATION ..............................................................................................13
  19.  WHERE DO I GET MORE INFORMATION? .............................................................13

## BASIC INFORMATION

| 1. WHAT IS THIS NOTICE ABOUT? |
|---|

This Notice explains the proposed Settlement of a class action lawsuit and your options and rights, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses made by any of the parties in this case or the fairness or adequacy of the proposed Settlement. This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. WHAT IS A CLASS ACTION LAWSUIT? |
|---|

A class action is a lawsuit in which one or more individuals sue an individual(s), company or other entity on behalf of all other people who have similar claims. Collectively, these people are referred to as a "Class" or "Class Members." In a class action, the court resolves certain legal issues, legal claims and defenses for all class members in one lawsuit, except for those who ask to be excluded from the class. (See below for more information about excluding yourself from the Classes here.)

| 3. WHAT IS THIS LAWSUIT ABOUT? |
|---|

The Kashi Lawsuit claims that Kashi misled consumers by making false marketing statements that certain food products were "All Natural" or "100% Natural" or "Nothing Artificial" when the products contained one or more of the GMO or allegedly synthetic ingredients. Kashi stands by its marketing and denies it did anything wrong.

The Court did not decide who was right in the lawsuit. Instead, the Parties agreed to a settlement. By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Classes will get compensation. The Class Representatives and their attorneys believe that the Settlement is in the best interests of the Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

| |
|---|
| **4. HOW DO I KNOW IF I AM IN THE SETTLEMENT CLASS?** |

To receive money from the Settlement you first have to determine if you are a Member of the Class.  Members of the Class are consumers who are not California residents and who purchased between May 3, 2008 through [insert the date of Preliminary Approval of this Settlement] Kashi Products labeled "All Natural", "100% Natural" or "Nothing Artificial," including those listed in Exhibit H to the Kashi Stipulation of Settlement, available at www._____.com/Eligible Products for personal or household use.  Excluded from the Class are employees, officers and directors of Kashi and Kellogg; persons or entities that purchased the Products for the purpose of re-sale; retailers or re-sellers of the Products; governmental entities; persons who properly exclude themselves from the Class; the Court, the Court's immediate family, and Court staff; and all California residents.

## THE SETTLEMENT BENEFITS

| |
|---|
| **5. WHAT DOES THE SETTLEMENT PROVIDE?** |

Kashi has agreed to pay cash and make changes to Kashi's current labeling and marketing of certain products.  The money will be used to pay class notice and administration costs, attorneys' fees and expenses, Class Representative Service Awards, and cash payments to Class Members who submit a valid Claim Form. The total cash available is $3.99 million. Details are described in paragraph IV.B of the Kashi Stipulation of Settlement, which is available at www._____.com).

The specific amount of cash that you may receive depends on the quantity of Products you purchased, whether you have receipts, and the number of valid claims submitted.

You can receive cash payments based on Products you purchased from May 3, 2008 through [insert the date of Preliminary Approval of this Settlement], as follows:

- A Class member who has written proof of purchase may seek reimbursement of the full purchase price for every purchased package of the specified Products for which they submit a valid Claim Form with written proof of purchase in the form of a receipt.

- A Class member who does not have a receipt may still make a claim for reimbursement of $0.55 for every package of a specified Kashi Product purchased for which they submit a valid Claim Form, but the recovery for those Products not having a receipt will be $27.50.

- Class Members may file Claim Forms seeking reimbursement both for Products for which they submit receipts and for Products for which they do not submit written

proof of purchase. These claims will be subject to the requirements and maximum recovery amounts permitted for each type of claim. The minimum amount available for cash reimbursements to the Class is $2 million.

If the total amount of valid claims (plus other authorized fees, costs and expenses) exceeds the amount available to pay claimants, then each claimant's award shall be proportionately reduced. If after all valid claims (plus other authorized fees, costs and expenses) are paid, money remains, the remaining amount shall be used to proportionately increase the recovery of each eligible claim.

| 6. WHEN WILL I GET MY PAYMENT? |
| --- |

Benefits will be distributed if the Court grants final approval of the Settlement and if after any appeals are resolved final approval of the Settlement is upheld.

If the District Court approves the Settlement after a hearing on final approval, there may be appeals. We do not know how much time it could take to resolve any appeals that may be filed. If the District Court does not approve the Settlement or the Settlement is not approved in any appeal that may be brought, you will not receive cash payments for Kashi products.

| 7. HOW DO I GET A PAYMENT? |
| --- |

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form by _____ __, **2015**. The claim form can be found at www._____.com or by calling 1-___-___-____. You may complete and submit a valid Claim Form online or mail it to the address on the form. To maximize your payment amount, if you have a receipt or other written proof of purchase, be sure to include it. To be valid, all Claim Forms must be completed, signed and postmarked or submitted online to the Claims Administrator no later than _____ __, **2015**.

## REMAINING IN THE SETTLEMENT

| 8. WHAT AM I GIVING UP IF I STAY IN THE CLASSES? |
| --- |

Unless you exclude yourself, you are staying in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. That means you will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendant for the legal issues and claims resolved by this Settlement. The specific rights you are giving up are called Released Claims.

"Released Claims" means, with the exception of claims for personal injury, any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that arose during the Settlement Class Period against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to the packaging, marketing, distribution or sale by Kashi of food products labeled as "All Natural," "100%  Natural" and/or "Nothing Artificial,"  which have

been or could have been asserted by the Class in Plaintiffs' Second Amended Consolidated Class Action Complaint or in any of the previous Complaints.  The Released Claims do not include, and members of the Settlement Class expressly reserve, claims and causes of action for personal injury.

**9.   WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will not get any cash from the Settlement.  If the Court approves the Settlement, you will be bound by its terms, and you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kashi Company and related parties about the legal issues or claims resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**10. WHO REPRESENTS ME?**

On _____ __, 2015, Kashi Class Counsel will submit their motion for final approval and request for attorney fees and expenses, which will be available at www._____.com or by calling 1-___-___-____.  The Court has appointed as Class Representatives Katrina Garcia and Laura Eggnatz.

Class Counsel are the lawyers for the Class.  The Class Representatives and Class Counsel will act as your representatives for the Settlement.

The Court has appointed to represent the Kashi Class and Class Members:

| | |
|---|---|
| Mark A. Milstein | Angela Arango-Chaffin |
| Gillian L. Wade | 90 Alton Road, Unit 2704 |
| Sara D. Avila | Miami Beach, FL 33139 |
| MILSTEIN ADELMAN LLP | Telephone:  (713) 818-2515 |
| 2800 Donald Douglas Loop North | Fax: (713) 952-5972 |
| Santa Monica, CA 90405 | angela@chaffinlawfirm.com |
| Telephone: (310) 396-9600 | |
| Fax: (310) 396-9635 | |
| mmilstein@milsteinadelman.com | |
| gwade@milsteinadelman.com | |
| savila@milsteinadelman.com | |
| | |
| L. DeWayne Layfield | Michael T. Fraser |
| LAW OFFICE OF | THE LAW OFFICES OF |
| L. DEWAYNE LAYFIELD | HOWARD W. RUBINSTEIN |
| P.O. Box 3829 | One Embarcadero Center, Suite 500 |
| Beaumont, TX 77704-3829 | San Francisco, CA 94111 |
| Telephone: (409) 832-1891 | Telephone:  (800) 436-6437 |
| Fax: (866) 280-3004 | Fax: (415) 692-6607 |
| dewayne@layfieldlaw.com | mfraser@hwrlawoffice.com |

| **11. WILL I HAVE TO PAY THE LAWYERS?** |
|---|

No.  You will not be responsible for any costs or attorneys' fees incurred in this lawsuit. If the Court approves the proposed settlements, Class Counsel will request that the Court award them attorneys' fees and expenses to be paid by Kashi.  Class Counsel's expenses are approximately $180,000. Plaintiffs will seek attorneys' fees in an amount not to exceed $1.5million.

The two Class Representatives will also ask the Court for a Service Award of $5,000 each for their costs, time and effort acting as Plaintiffs and for their willingness to bring this litigation and act on behalf of other consumers.  The Service Awards will be paid by Kashi.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **12. HOW DO I EXCLUDE MYSELF FROM  THE SETTLEMENT?** |
|---|

You have the right not to be part of the Settlement by excluding yourself or "opting out" of the Class.  If you wish to exclude yourself, you must send a letter, postmarked no later than _____ __, 2015, to the Claims Administrator at the following address:  Kashi All Natural Food Products Class Action Settlement Administrator, Digital Settlement Group, LLC, P.O. Box _____, _____, __ _____-____.

Your letter must specify that you are requesting exclusion from the Kashi Settlement Class (such as: **"I request exclusion from the Kashi Settlement Class"**) and must be signed by you.  You must include your full name and address.  If you do not include the required information or fail to submit your request for exclusion on time, you will remain a Class Member and be bound by the Settlement and Final Judgment and Order.

| **13. IF I DO NOT EXCLUDE MYSELF, CAN I SUE KASHI COMPANY FOR THE SAME THING LATER?** |
|---|

No.  Unless you exclude yourself, you give up any right to sue Kashi Company for the claims that these Settlements resolve, including any claims relating to Kashi Company for any of the Released Claims (*see* Question 8).

| **14. IF I EXCLUDE MYSELF, CAN I GET ANYTHING FROM THIS SETTLEMENT?** |
|---|

No. If you exclude yourself from the Settlement you: (1) will not be able to get a payment from this Settlement; (2) will not be legally bound by the Court's judgments; and (3) will keep any rights you may have to sue Kashi Company for the legal claims included in this lawsuit and resolved by this Settlement.

## OBJECTING TO THE SETTLEMENT

| **15. HOW DO I OBJECT TO THE SETTLEMENT?** |
|---|

If you are a Class Member and do not exclude yourself, you can object to the Settlement or some part of it. The Court will consider your views before making a decision.

If you want to object, you must submit your objection in writing to the Court.  Your objection must include: (1) The case name and number of the lawsuit.  The case name and number of the Kashi Lawsuit is *Garcia v. Kashi Company*, Case No. 12-21678-CIV-LENARD/GOODMAN; (2) Your name and address; (3) Your signature (your lawyer's signature is not sufficient); (4) If you are represented by a lawyer, the name, address and telephone number of that lawyer, including any current or former counsel who may be entitled to compensation for any reason related to the objection; (5) All grounds for the objection, accompanied by any legal support known to the objecting Class Member or his or her counsel; (6) A statement confirming whether the objecting Class Member or any counsel representing the objecting Class Member intends to ask the Court for permission to personally appear and/or testify at the Settlement Hearing; and, (7) A list of any persons who may be called to testify at the Final Approval Hearing in support of the objection.

**You must submit your written objection to the Court** postmarked no later than _____ __, 2015, or as the Court directs, sent to Clerk of the Court, United States District Court Southern District of Florida, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128. You must also send a copy of your written objection to :

<u>Class Counsel</u>

Mark A. Milstein
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600

<u>Kashi's Counsel</u>

Dean N. Panos
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312/222-9350

All written submissions must be postmarked no later than _____ __, **2015** or your submission will not be considered.

## THE COURT'S FINAL APPROVAL HEARING

| **16. THE HEARING TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.** |
|---|

The Court has scheduled a Settlement Hearing for the Kashi All Natural Food Products Class Action Settlement at __:__ a.m. on _____ __, 2015.  The hearing will be held in the United States District Court, Southern District of Florida, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128-1810 in Courtroom 12-1 of the Honorable Joan A. Lenard.  The hearing may be moved to a different date or time without additional notice, so please check www._____.com or call 1-___-___-____ for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider how much the lawyers representing Class Members should be paid and if the Class Representative and other Plaintiffs should receive Service Awards. After the hearing, the Court will decide whether to grant final approval of the Settlement. We do not know how long these decisions will take.

| **17. DO I HAVE TO COME TO THE HEARING?** |
|---|

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send in an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it is not required.

| **18. MAY I SPEAK AT THE HEARING?** |
|---|

Yes. You may ask the Court to speak at the Final Approval Hearing. To do so, you must include a statement confirming whether you or your lawyer intend to ask the Court for permission to argue or comment at the Fairness Hearing with your objection (*see* Question 15). You must provide copies of any documents you intend to rely upon, including the names and addresses of any witnesses who will appear at the Fairness Hearing, and the name of any counsel representing you as an objector.

# GETTING MORE INFORMATION

| **19. WHERE DO I GET MORE INFORMATION?** |
| --- |
| This Notice summarizes the Settlement. More details are in the Stipulation of Settlement. You can get a copy of the Stipulation of Settlement, Claim Form and other information at www._____.com. You may also write with questions to Kashi All Natural Food Products Class Action Settlement Administrator, c/o Digital Settlement Group, LLC, P.O. Box _____, _____, __ _____-_____ or by calling the toll free number, 1-___-___-____.<br><br>Complete copies of the pleadings and other documents filed in the Litigation may be examined and copied during regular office hours at the Clerk of the Court, United States District Court, Southern District of Florida, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128-1810.<br><br>**PLEASE DO NOT CALL OR WRITE KASHI OR THE COURT FOR ADDITIONAL INFORMATION OR ADVICE**. |

# EXHIBIT D

## EXHIBIT D
## LEGAL NOTICE

**If you purchased certain Kashi Products between May 3, 2008 through [insert the date of Preliminary Approval of this Settlement]**

**Your Legal Rights May Be Affected by a Settlement
and You May be Entitled To a Cash Refund**

**PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR www._____com**

**What Is This Notice About?**  A proposed settlement has been reached in a class action lawsuit which claimed that the marketing of certain Kashi products as "All Natural" or "100% Natural" or "Nothing Artificial" was not true.  Kashi stands by its marketing and denies that it did anything wrong.  If you are a member of the Class in this lawsuit, you may make a claim by mailing or electronically submitting a Claim Form.

A federal court authorized this notice.  Before any money is paid, the court will have a hearing to decide whether to approve the settlements.  On _____ __, 2015, Class Counsel will submit their motion for final approval and request for attorneys' fees and/or expenses, which will be available at www._____.com or by calling 1-___-___-____.

**Am I a Class Member?**  You may be a Kashi All Natural Food Products Class Member if you are not a California resident and you purchased between May 3, 2008 through [insert the date of Preliminary Approval of the Settlement] one of the Kashi Products listed in Exhibit H to the Kashi Stipulation of Settlement (available at www._____.com/CoveredProducts) for personal or household use. Excluded from the class are employees, officers and directors of Kashi and The Kellogg Company; persons that purchased the Products for the purpose of re-sale; retailers or re-sellers of the Products; governmental entities; persons who properly exclude themselves from the Class; the Court, the Court's immediate family, and Court staff; and California residents.

**What does the Settlement Provide?** Kashi will pay $3.99 million to be used to pay eligible claims of Kashi Class Members for the Kashi Products they purchased, pay notice and administrative costs, attorneys' fees and expenses, and Class Representatives' Service Awards. Kashi will also make certain changes to its current labeling and marketing of certain products.

**What Benefits Could I Receive?**

If the Kashi settlement is approved by the Court, Kashi Class Members will be able to recover: (1) a cash payment of $0.55 for each package purchased, up $27.50 (without proof of purchase); and (2) a full refund of the purchase price for each package purchased, with no limitation (with proof of purchase).

Payments may proportionally increase or decrease on a per-unit basis based on the total number of valid claims received.

**What Are My Rights?**

1. You Can Accept the Settlement.  If you wish to receive the benefits under the settlement, you **MUST** fill out and submit a Claim Form by _____ __, 2015. You can obtain a Claim Form by (1) by downloading one from www._____.com; (2) calling the Settlement Administrator at 1-___-___-____; or (3) mailing a written request for a Claim Form including your name and mailing address by regular mail to: Kashi All Natural Food Products Class Action Settlement Administrator, c/o Digital Settlement Group, LLC, P.O. Box _____, _____, __ _____-____.  If you fail to timely submit a Claim Form and do not exclude yourself from a settlement, then you will be bound by that settlement but will not receive any benefits of that settlement.

2. You Can Object to the Settlement. If you believe the settlement is unsatisfactory, you may file a written objection with the Clerk of the Court for the United States District Court for the Southern District of Florida and send copies to the following Counsel representing the Class and Kashi:

Plaintiffs' Counsel:

Mark A. Milstein
Gillian L. Wade
Sara D. Avila
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

Defendant's Counsel:

Dean Panos
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654

2363702.9

For specific requirements to make a valid objection, visit www._____.com (Question 15).

The deadline for submitting objections to the Settlement is _____ __, 2015.

3. <u>You Can "Opt Out" of the Settlement</u>  If you do not wish to participate in the settlement, you must provide written notice so indicating. Such notice shall include your name, current address, and a statement that you want to be excluded from the lawsuit in *Garcia, et al., v Kashi Company*, Case No. 12-21678CIV-LENARD/GOODMAN (S.D.Fla.). Such notice must be postmarked no later than _____ __, 2015. Your written notice should be sent to: Kashi All Natural Food Products Class Action Settlement Administrator, c/o Digital Settlement Group, LLC, P.O. Box _____, _____, __ _____-____. Please be advised that if you "opt out" of a settlement, you will not receive any money or benefits under that settlement and will be responsible for any attorneys' fees and costs you incur if you choose to pursue your own lawsuit.

**The Fairness Hearing**

On _____ __, 2015, the Court will hold a hearing to determine: (1) whether the proposed settlement is fair, reasonable and adequate and should receive final approval; and (2) whether the applications for attorneys' fees and/or expenses brought by Class counsel should be granted.  Objections to the proposed settlement by Class Members will be considered by the Court, but only if such objections are filed in writing with the Court and sent to Plaintiffs' and Defendants' respective counsel by _____ __, 2015. Class Members do not need to appear at the hearing or take any other action to indicate their approval.  The hearing into the Kashi settlement will take place at __:__ a.m. and will be held in the United States District Court, Southern District of Florida, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128-1810 in Courtroom 12-1 of the Honorable Joan A. Lenard.

**Additional Information**

You may seek the advice and guidance of your own attorney if you desire.  If you would like a detailed notice and claim form, you can get one by downloading one from www._____.com, by writing to Kashi All Natural Food Products Class Action Settlement Administrator, c/o Digital Settlement Group, LLC, P.O. Box _____, _____, __ _____-____, or by calling 1-___-___-____.  Copies of the settlement agreement is available at www._____.com, or may be obtained by examining the publicly available court records.    You    can    also    visit www._____.com if you have any questions about this settlement.   Please do not contact the Court or Clerk for information.

By order of the United States District Court for the Southern District of Florida

2

**EXHIBIT E**

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 12-21678-CIV-LENARD/GOODMAN

**KATRINA GARCIA and LAURA**
**EGGNATZ, individually and on behalf of**
**all others similarly situated, and JULIE**
**MARTIN, individually,**

                    **Plaintiffs,**

        **vs.**

**KASHI COMPANY, a California**
**Corporation, and THE KELLOGG**
**COMPANY, a Michigan Corporation,**

                    **Defendants.**

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.      This Judgment incorporates by reference the definitions in the Stipulation of

Settlement dated June 5, 2015 ("Stipulation"), attached as Exhibit A, and all terms used herein

shall have the same meanings as set forth in the Stipulation unless set forth differently herein.

The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to

the action, including all Settlement Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies

the following Class:

> All consumers who are not California residents and who purchased
> any of the Products listed in Exhibit H to the Stipulation during the
> Settlement Class Period for personal and/or household use.
> Excluded from the Class are:  (a) Kashi's employees, officers and
> directors; (b) persons or entities who purchased the Products for
> the purpose of re-sale; (c) retailers or re-sellers of the Products;

(d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; (f) the Court, the Court's immediate family, and Court staff; and (g) California residents.

4.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5.      Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that the Plaintiffs in the Litigation, Katrina Garcia and Laura Eggnatz, are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation.  Accordingly, the Court hereby appoints Katrina Garcia and Laura Eggnatz as Class Representatives.

6.      The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for certification of the class claims alleged in the Complaint, including:  (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Mark A. Milstein, Gillian L. Wade, and Sara D. Avila of Milstein Adelman LLP, L. DeWayne Layfield of the Law Office Of L. Dewayne Layfield,  Angela Arango-Chaffin of the Chaffin Law Firm, and Michael T. Fraser of The Law Offices Of Howard W. Rubinstein as Co-Class Counsel to represent the Settlement Class Members.

8.      The list of Persons excluded from the Class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit B.  Persons who filed timely, completed Opt-Outs are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendants.  However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

2

9.     The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court.  In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement dated June 5, 2015, which is Exhibit C to this Judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit D to this Judgment (together the "Class Notice").  The Declaration of _____ of Digital Settlement Group, LLC attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order.  The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such Settlement Hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

10.     The forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), 28 U.S.C. § 1715, and any other applicable law.  The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the circumstances.  The Court further finds that the forms of notice were concise, clear, and in plain, easily understood language and were reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded from the Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members.

11.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the settlement proposed by the Parties is fair, reasonable, and adequate; and consistent with and in compliance

with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law.

12.     The terms and provisions of the Stipulation were entered into by experienced counsel and only after  extensive, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable J. Richard Haden (Ret.).  The Settlement Agreement is not the result of collusion.

13.     The proceedings that occurred before the parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

14.     Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

15.     All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

16.     None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

17.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiffs initiated the Litigation, acted to protect the Class, and assisted their Counsel on behalf of the Class.  The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class.  Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $_____ in fees, and $_____ in expenses incurred in the Litigation.  Further, Plaintiff Class Representatives are both entitled to a Service Award of $_____.  The Fees and Expense Award and Plaintiffs' Service Awards shall be paid out of

4

the Cash Payment made by Kashi to settle the Litigation pursuant to the time table set forth in the Stipulation.

18.     The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

19.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

20.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

21.     The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

IT IS SO ORDERED.


DATED:  _____, 2015

_____
THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

**FOR PLAINTIFFS**

   **June 5, 2015**

                                             **By:   /s/   Michael T. Fraser**
Michael T. Fraser
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (800) 436-6437
Fax: (415) 692-6607
mfraser@hwrlawoffice.com


By:   /s/   L. DeWayne Layfield
L. DeWayne Layfield
LAW OFFICE OF
L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
dewayne@layfieldlaw.com


**By:   /s/   Angela Arango-Chaffin**
Angela Arango-Chaffin
90 Alton Road, # 2704
Miami Beach, FL 33139
Telephone:  (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com


By:   /s/   Mark A. Milstein___
Mark A. Milstein
Gillian L. Wade
MILSTEIN ADELMAN LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
mmilstein@milsteinadelmen.com
gwade@milsteinadelmen.com

*Co-Class Counsel*

**DATED:  June 5, 2015**                          JENNER & BLOCK LLP
                                                  DEAN N. PANOS (admitted *pro hac vice*)

                                                  By:    /s/ Dean N. Panos
                                                         DEAN N. PANOS

                                                  Dean N. Panos (admitted *pro hac vice*)
                                                  353 North Clark Street
                                                  Chicago, IL  60654-3456
                                                  Telephone:  (312) 923-2765
                                                  Facsimile:   (312) 840-7765
                                                  dpanos@jenner.com

                                                  KENNETH K. LEE (264296)
                                                  633 West 5th Street, Suite 3500
                                                  Los Angeles, CA  90071-2054
                                                  Telephone:  (213) 239-5100
                                                  Facsimile:   (213) 239-5199
                                                  klee@jenner.com

                                                  ***Attorneys for Defendants***
                                                  ***Kashi Company and The Kellogg Company***

**EXHIBIT F**

**EXHIBIT F**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 12-21678-CIV-LENARD/GOODMAN

**KATRINA GARCIA and LAURA**
**EGGNATZ, individually and on behalf of**
**all others similarly situated, and JULIE**
**MARTIN, individually,**

                        **Plaintiffs,**

   **vs.**

**KASHI COMPANY, a California**
**Corporation, and THE KELLOGG**
**COMPANY, a Michigan Corporation,**

                    **Defendants.**

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS,**
**PROVIDING FOR NOTICE AND SCHEDULING ORDER**

WHEREAS, Plaintiffs Katrina Garcia and Laura Eggnatz ("Plaintiffs") in this action

entitled *Katrina Garcia, et al. vs. Kashi Company*, Case No. 12-21678-CIV-LENARD/

GOODMAN (the "Litigation") and Defendants Kashi Company ("Kashi") and The Kellogg

Company ("Kellogg") ("Defendants") have entered into a Stipulation of Settlement, filed June 5,

2015 (the "Stipulation"), after lengthy arms-length settlement discussions;

WHEREAS, the Court has received and considered the Stipulation, including the

accompanying exhibits;

WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil

Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation, and for its

dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has reviewed the Parties' application for such Order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.   THE SETTLEMENT CLASS IS CERTIFIED

1.     All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2.     Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

> All consumers who are not California residents and who purchased any of the Products listed in Exhibit H to the Stipulation during the Settlement Class Period for personal or household use.  Excluded from the Class are:  (a) Kashi's employees, officers and directors; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; (f) the Court, the Court's immediate family, and Court staff; and (g).California residents.

3.     With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that:  (a) the Class is so numerous that joinder of all individual Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Katrina Garcia and Laura Eggnatz as Class Representatives of the Class.

5.     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Mark A. Milstein, Gillian L. Wade, and Sara D. Avila of Milstein Adelman LLP, L. DeWayne Layfield of the Law Office Of L. Dewayne

Layfield,  Angela Arango-Chaffin of the Chaffin Law Firm, and Michael T. Fraser of The Law Offices Of Howard W. Rubinstein as Co-Class Counsel to represent the Settlement Class members.

## II.   THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

6.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

7.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.      Pursuant to the Federal Rule of Civil Procedure 23(e), the Court will hold a final approval hearing (the "Settlement Hearing") on _____, 2015, at _____ a.m./p.m., in the Courtroom of the Honorable Joan A. Lenard, United States District Court for the Southern District of Florida, Courtroom 12-1, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128-1810, for the following purposes:

a.      finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

b.      determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

c.      considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

d.      considering the application of Plaintiffs for Service Awards for serving as Class Representatives, as provided for under the Stipulation;

e.      considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

f.      considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

g.      ruling upon such other matters as the Court may deem just and appropriate.

9.      The Court may reschedule, adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

10.      The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

11.      Any objections to the proposed settlement must be postmarked or submitted online no later than thirty (30) days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.  Any replies to objections must be filed with this Court no later than fourteen (14) days before the Settlement Hearing.

12.      Opening papers in support of the Settlement and any application for a Fee and Expense Award and/or Class Representative Service Awards must be filed with the Court and served no later than 45 days prior to the Settlement Hearing.

## III.      THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

13.      The Court approves, as to form and content (or as may be amended by the Court), the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are attached hereto as Exhibits A and B, respectively, to this Order.

14.      The Court finds that the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as set forth in this Order and the Stipulation of Settlement, meet the requirements of Federal Rule of Civil Procedure 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute

due and sufficient notice to all Persons entitled thereto.  The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

15.     The Court approves the designation of Digital Settlement Group, LLC, to serve as the Court-appointed Class Action Settlement Administrator for the settlement.  The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16.     The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.  The Claim Form shall be made available to Class members through the Settlement Website and on the websites of Class Counsel, at their options, no later than seven (7) days after the Court enters this Preliminary Approval Order, and continuously thereafter through the Claims Deadline.

17.     The Class Action Settlement Administrator is ordered to provide Class Notice through the Settlement Website no later than seven (7) days after the Court enters the Preliminary Approval Order and through designated print publications no later than seventy-five (75) days after the Court enters the Preliminary Approval Order.

18.     The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid by Kashi in accordance with the applicable provisions of the Stipulation.

## IV.   PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

20.     The Court approves the Parties' proposed form of the Claim Form.  Any Class member who wishes to receive money from the settlement shall complete the Claim Form in accordance with the instructions contained therein, and the Claim Form shall be postmarked or submitted on line to the Class Action Settlement Administrator no later than eight (8) days before the Settlement Hearing.  Such deadline may be further extended without notice to the Class by Court Order.

21.     The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

22.     The Class Action Settlement Administrator shall send a letter to any applicable Settlement Class Member explaining the rejection of any claim no later than thirty (30) days after the Effective Date and of the opportunity and deadline to cure any deficiencies no later than forty-five (45) days after the Effective Date.  The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members no later than 90 days after the Effective Date.

23.     Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel.  All Class members who do not enter an appearance will be represented by Class Counsel.

## V.   PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

24.     Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class.  Any such Person must submit a completed request for exclusion to the Claims Administrator postmarked or submitted online no later than thirty (30) days before the Settlement Hearing (the "Opt-Out Deadline"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

25.     Any Class member who does not send a completed, signed request for exclusion to the Claims Administrator postmarked or submitted online on or before the Opt-Out Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person is a member of the Class.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

26.     A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs at or before the Settlement Hearing.

## VI.     PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27.     Any Class member who desires to object either to the settlement, Fee and Expense Award, or Class Representative Service Awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a written notice of the objection, together with all papers that the Class member desires to submit to the Court no later than thirty (30) days prior to the Settlement Hearing (the "Objection Deadline").  The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Kashi's counsel.  Such papers must be sent to each of the following persons:

| Plaintiffs' Counsel | Defendants' Counsel |
|---|---|
| Mark A. Milstein | Dean N. Panos |
| Gillian L. Wade | JENNER & BLOCK LLP |
| Sara D. Avila | 353 North Clark Street |
| MILSTEIN ADELMAN LLP | Chicago, IL  60654-3456 |
| 2800 Donald Douglas Loop North | |
| Santa Monica, CA 90405 | |

28.     All objections must include the following information:

        a.     the name of this Litigation;

        b.     the objecting Class Member's full name and address;

        c.     all grounds for the objection, accompanied by any legal support known to the objecting Class Member or his or her counsel;

        d.     the identity of all counsel, including the lawyer's name, address and telephone number, who represent the objecting Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

        e.     a statement confirming whether the objecting Class Member or any counsel representing the objecting Class Member intends to personally appear and/or testify at the Settlement Hearing;

        f.     a list of any persons who may be called to testify at the Final Approval Hearing in support of the objection; and,

        g.     The signature of the objecting Class Member.

29.     All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than the Objection Deadline.  Objections received after the Objection Deadline will not be considered at the Settlement Hearing.  Any replies to objections must be filed with this Court no later than fourteen (14) days before Settlement Hearing.

30.     All objections must include a reference to *Katrina Garcia, et al. v. Kashi Company*, Case No. 12-21678-CIV-LENARD/GOODMAN, the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number.  Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for Class Representative Service Awards, is required to provide written notice of their intention to appear at the Settlement Hearing no later than the Objection Deadline as set forth in the Class Notice.  Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or Class Representative Service Awards need not take any action to indicate their approval.  A Person's failure to submit a

written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any rights the Person may have to object to the settlement, Fee and Expense Award, or Class Representative Service Awards, or to appeal or seek other review of the Final Judgment and Order.

31.     If the agreement and Stipulation are finally approved, the Court shall enter a Final Judgment and Order of Dismissal approving the Stipulation.  The proposed Final Judgment and Order of Dismissal is lodged herewith as Exhibit E.  Said Final Judgment and Order of Dismissal shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

32.     The court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Stipulation.

DATED: _____, 2015

_____
THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

**FOR PLAINTIFFS**

Dated:  June 5, 2015                              MILSTEIN ADELMAN LLP
                                                  By: */s/ Mark A. Milstein*
                                                  Mark A. Milstein
                                                  Gillian L. Wade
                                                  2800 Donald Douglas Loop North
                                                  Santa Monica, CA 90405
                                                  Telephone: (310) 396-9600
                                                  Fax: (310) 396-9635
                                                  mmilstein@milsteinadelmen.com
                                                  gwade@milsteinadelmen.com

                                                  Michael T. Fraser
                                                  THE LAW OFFICES OF
                                                  HOWARD W. RUBINSTEIN
                                                  One Embarcadero Center, Suite 500
                                                  San Francisco, CA 94111
                                                  Telephone:  (800) 436-6437
                                                  Fax: (415) 692-6607
                                                  lopatin@hwrlawoffice.com

L. DeWayne Layfield
LAW OFFICE OF
L. DEWAYNE LAYFIELD
P.O. Box 3829
Beaumont, TX 77704-3829
Telephone: (409) 832-1891
Fax: (866) 280-3004
**dewayne@layfieldlaw.com**

Angela Arango-Chaffin
90 Alton Road, Unit 2704
Miami Beach, FL 33139
Telephone:  (713) 818-2515
Fax: (713) 952-5972
angela@chaffinlawfirm.com

Robert A. Chaffin.
The Chaffin Law Firm
4265 San Felipe #1020
Houston, TX 77027
Telephone:  (713) 528-1000
Fax: (713) 952-5972
robert@chaffinlawfirm.com

**Co-Class Counsel**

DATED:  June 5, 2015

JENNER & BLOCK LLP
DEAN N. PANOS (admitted *pro hac vice*)

By:  \_\_/s/ Dean N. Panos_____
      DEAN N. PANOS

353 North Clark Street
Chicago, IL  60654-3456
Telephone:  (312) 923-2765
Facsimile:   (312) 840-7765
dpanos@jenner.com

KENNETH K. LEE (264296)
633 West 5th Street, Suite 3500
Los Angeles, CA  90071-2054
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199
klee@jenner.com

**Attorneys for Defendants**
**Kashi Company and The Kellogg Company**

10

# EXHIBIT G

Digital Settlement Group LLC

*Eggnatz v. Kashi*

**Kashi Notice & Administration Plan**

June 1st, 2015

Digital Settlement Group LLC is comprised of experts in Internet marketing and class action noticing with over 15 years experience. Digital Settlement Group has served as a Court-approved notice provider in numerous state and federal court class actions, including a multi-district false advertising case entitled "In Re Wellnx Sales and Marketing Practices Litigation," MDL NO. 07-md-1861 (RGS).

The principals have provided Internet marketing for clients ranging from Fortune 500 corporations like Kelloggs and News Corp to weight loss best-seller, TRIMSPA.  This experience is leveraged to execute the most efficient notice strategies and administration.

The principals of Digital Settlement Group have successfully executed hundreds of television and Internet campaigns. Digital Settlement Group partners with the biggest and best digital properties including Google, Facebook, Yahoo, AOL, and MSN. The media team behind Digital Settlement Group is directly responsible for managing and spending an average of $4 million dollars per month in media. This high level spending allows us to negotiate cost effective deals that are applied to all our programs.

Due to the nature of the product being sold predominantly at retail, the Class Members are not known, so an effective notice plan is required. A sample of Court-approved programs executed by Digital Settlement Group is attached as Appendix A.

One of the concerns noted in Federal Judicial Center's *Judges' Class Action Notice and Claims*

*Process Checklist and Plain Language Guide* ("*Claims Guide*") is that claims administrators are "often accountants by training and may lack personal knowledge or the training to conduct reach analyses." Digital Settlement Group has expertise in marketing and media-planning.

We use industry-leading reporting tools from GfK MRI and comScore. Our notice programs are not designed for "technical reach[1]" at the expense of response or other *Claims Guide* recommendations, but to create the "best practicable" plan. In other words, we design notice plans in the same way a company would design an advertising campaign for their product.

Furthermore, based upon our historical results, the Notice Plan proposed here will have at least twice the response rate of a program using a "technical reach" of 70% using low-cost inventory.

Objective of Print Publication

Create, Execute and Manage notice for the settlement, containing the entirety of the short form notice wherever possible, in top national publications with over 22,400,000 total readers and a *targeted audience* of 1,885,000. Industry standard information from GfK MRI[2] was used to validate the analysis of the media's reach and relevancy.

Objective of Internet Media Campaign

Create, Execute and Manage a minimum of 43.7 *million targeted impressions* advertising the class action settlement in a consumer friendly way with extensive reach to all potential Class participants whom may participate or qualify. The media will run in a timely manner, over a

---

1   "Technical reach" is defined as calculating a class based upon one large general media buy with a frequency cap of one (often using less expensive remnant inventory without guaranteed visible impressions) and estimating its reach against adult population of the country. Unfortunately, this is not the best practicable method compared to custom targeting of potential class members on top-tier networks (like Google, Yahoo, and Facebook). This is particularly troublesome without "unbiased evidence supporting the plan's adequacy" as recommended by the *Claims Guide*.

2   GfK MRI  is the leading provider of media and consumer research in the country. They are the primary source for audience data for the magazine industry in the United States.

course of 30 days, that is consistent with the judgment and the settlement agreement per the court.  All reach and frequency calculations are supported by "unbiased evidence supporting the plan's adequacy" using 3rd-party comScore reporting.

Objective of Settlement Administration

Digital Settlement Group will Create, Execute, and Manage all assets required for potential class members to learn more about the action and file a claim. This will include establishing a Settlement Web Site, managing a toll-free number, monitoring a dedicated P.O. Box, and distributing settlement funds to Class Members.

Marketing Analysis

The media plan to inform the public of both the long form and short form notice is the result of a campaign analysis done by Digital Settlement Group, which included a thorough analysis of the potential Internet and print usage by consumers who may have purchased a Kashi branded product as well as an industry cross reference on the "health food" category in which it falls. Digital Settlement Group uses proprietary historical data trends and reach indexing in a similar time period of up to 36 months from over 400 Direct to Consumer products.

Potential Class Members are being targeted nationwide, *excluding California*, and defined as "All persons who purchased one of the Products since May 3, 2008 for personal use and not for resale."   The Products are defined as all Kashi products labeled as "All Natural," "100% Natural" and/or "Nothing Artificial."

## *Section 1: Print Publication Overview*

While the Internet has a high saturation of health customers (and continues to grow), a targeted print publication element has been proposed to ensure potential class members with limited Internet access or usage aren't neglected.

To develop the print notice, both proprietary data from previous notice plans and GfK MRI Doublebase (2014) data was used to evaluate the reach to the class. As noted earlier, the goal of the campaign is to reach adults, aged 18 and older, who have demonstrated an interest in products similar to those in this class action. In addition to raw data, an extensive marketing analysis was performed to ensure publications used by people with an interest in "Health/Wellness Foods" would be represented.

Two print publications were selected for their efficiency and reach with the targeted class:

> Food Network Magazine will reach a *targeted* 1,017,000 potential class members out of a total audience of 11.9 million. This publication was selected because, as verified by GfK MRI, the publication has the biggest audience of all monthly food titles. (It has a larger audience than competitors like *Bon Appétit*, *Cooking Light*, and *Every Day with Rachel Ray*.) A 1/3 page Short Form Notice will appear in the magazine and reach an estimated 5% of the targeted class.

> Prevention Magazine will reach a targeted 868,000 potential class members with a total audience of 10.5 million in the United States. It indexes at 120 with the "Health/Wellness Foods" customer, making it 20% more likely for a potential class member to read the magazine than an average magazine reader. This publication has a reach of 4.5% of the targeted class and the notice will be presented in a half-page format.

By targeting the most widely read monthly food publication as well as the most widely read

health magazine, the print publication portion is designed to effectively supplement the Internet notice portion of the plan. The print portion alone will reach an audience of over 22 million print magazine readers with an estimated 1.8 million *targeted* adult health-food customers in the United States. When taking duplication into account, the overall reach of the print publications is over 9.28%.

**Print Publication Impressions: 22,400,000 Total Audience with 1,885,000 Targeted Health Food Adults**

## *Section 2: Targeted Website & Portal Ads Overview*

The Internet is an extremely powerful tool for reaching potential class members and driving them to the settlement website. According to Pew Research (January 2014), 87% of all adults in the United States use the Internet, up from 79% in 2010. Over a decade of Internet marketing experience has been leveraged to design the most effective plan.

Digital Settlement Group subscribes directly to comScore and doesn't rely on partners to provide reporting. The Reach and Frequency calculations have been generated using custom comScore reporting developed specifically for this campaign. In developing this plan, the targeted class is defined as adults in the United States who have demonstrated an interest in health, diet, and exercise (who frequently advise others on the subject).  comScore estimates this targeting results in a potential class of 35,896,000.

The fact that these users "frequently advise others" indicates the reach is likely higher than the numbers alone demonstrate. However, in the spirit of the *Claims Guide,* we are conservative in our estimates and do not inflate any numbers based on "speculative reach that only might occur" through social media or those who frequently advise others on health, diet, and exercise.

Furthermore, it should be noted that this targeted class is much larger than the actual class because Kashi is a subset of all health customers in the United States. However, because we cannot provide direct notice to only Kashi customers, we have defined a much larger, conservative class that is best practicable.

Demographic Website Relevant and Information Ads

The sites below are the top properties, which will offer the deepest reach and fastest execution time to inform potential class members of the class action settlement. These advertisements will notify people of the class action and direct them to the settlement

website to participate.

| Media Placement | Campaign Impressions | Average Frequency | Web Reach |
|---|---|---|---|
| Google Ad Network | 23,964,000 | 1.0 | 39.22% |
| Google Search Network | 98,000 | N/A | .27% |
| Yahoo Audience Network | 19,640,000 | 1.0 | 34.26% |
| Subtotal | 43,702,000 | | 60.15% |

"Google" (and its partner sites) reaches 94.5% of Internet population according to comScore 2015[3]. This notice plan will display an estimated 24 million impressions on Google properties. According to comScore (February 2015), Google Sites are the most popular on the United States Internet. In addition, approximately 98,000 highly targeted "search terms" advertisements will be incorporated into the plan, specifically "Kashi" products. Per the *Claims Guide*, this is to help satisfy "extra effort" where the class is "highly concentrated."

Whenever possible and cost effective, settlement notice advertisements on Google will be targeted based on user behavior. For example, when a user visits Google.com to search for "Kashi," an ad for the settlement could be prominently displayed. Not only is this highly targeted, but it's timely because the user is actively looking for the information. With traditional media (like print, radio, or television), the ads are passive in that there's no way to know the user is looking for specific information or if they have time to engage. Search advertising, like that from Google, targets the right potential class members at the right time.

"Yahoo" (and its partner sites) reaches 85% of the Internet population according to comScore (February 2015). This notice plan will deliver an estimated 19,640,000 million impressions using behavioral targeting against comScore's adult

---

3 Data Source: comScore, February 2015.  http://www.comscore.com/Insights/Market-Rankings/comScore-Ranks-the-Top-50-US-Digital-Media-Properties-for-February-2015 comScore is a global leader in online business analytics, providing industry standard Internet audience measurement and demographics.

"Health/Direting/Exercising" demographic.  Yahoo Sites are the third most popular on the United States Internet, based upon comScore (February 2015) data.

Whenever possible and cost effective, behavioral targeting from Yahoo uses software to deliver banner advertisements to users who have shown interest in a product or category. Ads are displayed only when users have demonstrated interest through searched key words, have clicked on similar ads, or have viewed web sites or categories related to the product. Unlike traditional media (like print publications), this allows a notice plan to target potential class members more accurately with significantly less "wasted" impressions.

The banner links will allow for instant access to the Short and Long Form Notices, Claim Form, and other pertinent documents.  Digital Settlement Group will track every single "impression" of the ad to ensure the maximum number of impressions and breadth of the campaign.  Digital Settlement Group will monitor text and graphical advertisements to ensure the most effective advertisements will be displayed during the execution of the notice plan.  The notice advertisements will be designed to "command class members' attention" and "be written in clear, concise, easily understood language." Because of our significant experience developing online marketing programs, we have an expert understanding on the use of colors, fonts, and design elements to make the banner advertisements the most effective and responsive.

The overall campaign duration will be 30 days. Based on comScore's Reach and Frequency reporting on this Internet Notice Plan and taking into account overlap of users across the properties, the plan will reach 60.15% of the 35.8 million adult Internet users who are in the Health/Diet/Exercise demographic.

**Web & Portal Advertising Targeted Impressions: 43,702,000**

## *Section 3: Settlement Administration*

Digital Settlement Group has over 15 years' experience hosting high-profile websites, including PCI-compliant e-commerce websites. Digital Settlement Group manages more than 300 ongoing websites and campaigns at any given time. Digital Settlement Group's in-house IT department continuously develops cutting edge software and database applications to keep on the forefront of the industry, manage administration expectations, and ensure timely and accurate reporting.

Digital Settlement Group continuously strives to improve the quality of services and meet the Court guidelines of each class action.

<u>Settlement Web Site</u>

Digital Settlement Group will create and maintain a dedicated web site for the Class Members to learn about the Settlement. It will feature the ability to download all relevant documents (in industry standard PDF format), including Claim Forms, Important Dates, Frequently Asked Questions, Long Form Notice, and the Short Form notice. The site will be designed for broad compatibility with browsers and platforms using best practices. All traffic to the site will be monitored with proprietary fraud detection systems, similar to those used on e-commerce platforms, to help ensure legitimate Class Members receive the maximum benefit.

A 3rd party monitoring service will check the site at regular intervals to ensure the site is functioning properly and, if required, provide an independent report on the total up-time of the site.

The Settlement Web Site will be updated in a timely manner, based upon the Court-approved schedule. For example, when the deadline for filing a claim has passed, that option will be removed from the site.

Telephone

Digital Settlement Group will establish a toll-free telephone number for those who do not have access to the Internet (or prefer to use the telephone). The phone will have an IVR (Interactive Voice Response) system which will allow potential class members to request a Claim Form, learn more about the settlement, or ask questions not already answered on the Settlement Web Site.

Digital Settlement Group's IVR team pioneered the use of IVR for Direct Response, with clients including top-tier financial institutions such as Chase and CitiBank. With experience in industry standard institutional banking security compliance guidelines as well as strict e-commerce PCI compliance standards, Digital Settlement Group has experience in secure call center capture and operations. Furthermore, all calls and call durations will be accurately documented and reported.

Claim Submission

Digital Settlement Group will set up and monitor a dedicated P.O. Box to receive correspondence related to the Kashi Settlement, including Claim Forms, Exclusions, and Objections. Digital Settlement Group will provide a way for potential class members to file a claim online or download and print a claim form which they can send through traditional mail.

Per the Term Sheet, Class Members will have the option of presenting a proof of purchase. As administrator, Digital Settlement Group will track and verify proof of purchase when calculating the refund due. Also, in accordance with the Term Sheet, "Any claims process will allow class members who do not have proof of purchase to make a claim by way of a verified statement, and all class members will have the option of making a claim online."

Settlement Fund Distribution

Digital Settlement Group will oversee and execute the distribution of funds to qualified Class Members as ordered by the Court. The company is highly experienced in automated payment distribution, managing an average of $250,000 to $500,000 in check-based payments per month. To date, the team has successfully distributed over $6 million dollars.

## *Section 4: Notice & Administration Summary*

The total cost for notice and administration is $300,000 USD. The notice and administration will meet the legal requirements as set forth per the court as well as the Class Action Settlement agreement. The notice plan has been designed to reach the largest target audience in a cost-efficient and timely manner.  Furthermore, the notice plan provides the best notice practicable, with similar reach to other Court-approved notice plans in the same product category.

Digital Settlement Group will adjust the notice plan on an as needed basis in order to maximize the number of claims filed.

Digital Settlement Group will use a reporting system that will allow it to optimize which placements are producing the greatest numbers of claims. Weekly reports will be provided to counsel with detailed information about the progress of the notice plan and the status of the administration.

Total impressions for the media are segmented as follows:

| Media Category | Type | Targeted Impressions |
|---|---|---|
| Print Publication | Graphic & Text | 1,885,000 |
| Online Portal/Display | Graphic & Text | 43,702,000 |
| **Total Impressions:** | | **45,587,000** |

Given the budget allowed by the Settlement Agreement, Digital Settlement Group believes the proposed notice and administration serve the class in the most efficient manner.

## *Important Terms*

This plan assumes print publications will display a summary notice of approximately 300 words.

Internet advertisements will not contain the full summary notice. Internet text and banner advertisements will be "clickable" to the settlement web site.

All final advertisements must be approved by the individual magazine and Internet publishers. In the event an outside publisher rejects an advertisement, replacement(s) with equal or greater reach may be substituted.

Space and availability in the magazines and Internet properties listed may be limited and change without notice.

## Appendix A – Digital Settlement Group CV

Digital Settlement Group has served as a Court-approved notice provider in numerous state and federal court class actions, including:

Taromina, v. Gaspari Nutrition, U.S. Dist. Ct., Central Dist., No. CV12-05424

Hogan, et al. v. USPlabs, LLC, Los Angeles County Superior Court, No. BC486925.

Wike v. HCG Platinum, LLC, Los Angeles County Superior Court, No. BC451080.

Keller v. Gaspari Nutrition, U.S. Dist. Ct., Central Dist., No. CV11-06158.

In re Wellnx Marketing & Sales Practices, U.S. Dist. Ct., D. Mass, MDL No. 1861.

Hojiwala, et al. v. Idea Village Products Corp., et al., Superior Court for the State of California, County of Orange, Case No. 30-2008-00060295.

Pearson, et al. v. NBTY, Inc, N.D. Ill, No. CV11-07972.

Arreguin v. Telebrands, San Bernadino Superior Court, No. CIVRS1307798.

Messick v. Applica, Florida Southern District Court, No. 0:12-CV-60464.

In approving *In Re: Wellnx Marketing & Sales Practices* (a national, 18 state multidistrict class action litigation), the Court noted: "the effort to provide notice to the class went well beyond what due process would require at its minimum. In fact, it was both an intelligent and effusive, if I can use that word, notification process, which has given me new some ideas for similar cases in the future for the proper way of giving notice in a case like this where it is

hard to otherwise ascertain the identity of the class members."

In approving the *Wike v. HCG Platinum, et al* settlement, Judge Jayne L. Johnson wrote, "The Court finds that the Notice Plan set forth in Article IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute sue and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of California law and federal due process law."

**EXHIBIT H**

# EXHIBIT H
**Products subject to settlement in Garcia v Kashi,**
**No. 12-21678-CIV-LENARD/GOODMAN (S.D.Fla.)**

GoLean Chewy Chocolate Almond Toffee Protein & Fiber Bars

GoLean Chewy Cookies and Cream Protein & Fiber Bars

GoLean Chewy Malted Chocolate Crisp Protein & Fiber Bars

GoLean Chocolate Malted Crisp Protein & Fiber Bars

GoLean Chewy Oatmeal Raisin Cookie Protein & Fiber Bars

GoLean Chewy Peanut Butter Chocolate Protein & Fiber Bars

GoLean Chocolate Malted Crisp Protein & Fiber Bar

GoLean Crunchy! Chocolate Almond Protein & Fiber Bars

GoLean Crunchy! Chocolate Caramel Protein & Fiber Bars

GoLean Crunchy! Chocolate Peanut Protein & Fiber Bars

GoLean Crunchy! Chocolate Pretzel Protein & Fiber Bars

GoLean Crunchy! Cinnamon Coffee Cake Protein & Fiber Bars

GoLean Oatmeal Raisin Protein & Fiber Bar

GoLean Peanut Butter & Chocolate Protein & Fiber Bar

GoLean Roll! Caramel Peanut Protein & Fiber Bar

GoLean Roll! Chocolate Peanut Protein & Fiber Bar

GoLean Roll! Chocolate Turtle Protein & Fiber Bar

GoLean Roll! Fudge Sundae Protein & Fiber Bar

GoLean Roll! Oatmeal Walnut Protein & Fiber Bar

TLC Baked Apple Spice Soft-Baked Snack Bars

TLC Blackberry Graham Soft-Baked Snack Bars

TLC Cherry Dark Chocolate Chewy Granola Bars

TLC Cherry Vanilla Soft-Baked Snack Bars

TLC Cranberry Walnut Fruit & Grain Bars

TLC Cranberry Walnut Layered Granola Bars

TLC Dark Chocolate Coconut Fruit & Grain Bars

TLC Dark Chocolate Coconut Layered Granola Bar

TLC Dark Mocha Almond Chewy Granola Bars

TLC Honey Almond Flax Chewy Granola Bars

TLC Honey Toasted 7 Grain Granola Bars

TLC All Natural Chewy Granola Bar in Honey Toasted

Kashi TLC Crunchy Granola Bar Honey Toasted 7 Grain

TLC Peanut Peanut Butter Chewy Granola Bars

TLC Peanutty Dark Chocolate Layered Granola Bar

TLC Pumpkin Pie Fruit & Grain Bars

TLC Pumpkin Pecan Layered Granola Bar

TLC Pumpkin Pecan Fruit & Grain Bars

TLC Pumpkin Spice Flax Crunchy Granola Bars

TLC Raspberry Chocolate Fruit & Grain Bars

TLC Raspberry Chocolate Layered Granola Bar

TLC Ripe Strawberry Soft-Baked Snack Bars

TLC Roasted Almond Crunch Crunchy Granola Bars

TLC Trail Mix Chewy Granola Bars

7 Grain Waffles

Blueberry Waffles

GoLean Blueberry Waffles

GoLean Strawberry Flax Waffles

GoLean Original 7 Grain Waffles

Berry Blossoms Squares Cereal

GoLean Crisp Toasted Berry Crumble Cereal

GoLean Crunch Cereal

GoLean Crunch Honey Almond Flax Cereal

Honey Sunshine Squares Cereal

Cocoa Beach Granola

Mountain Medley Granola

Summer Berry Granola

GoLean Chocolate Shake

GoLean Vanilla Shake

GoLean Creamy Instant Hot Cereal Truly Vanilla

GoLean Hearty Instant Hot Cereal with Clusters Honey &
Cinnamon
TLC Country Cheddar Cheese Crackers

TLC Honey Sesame Snack Crackers

TLC Original 7 Grain with Sea Salt Pita Crisps

Kashi Pita Crisps Zesty Salsa

Kashi TLC Crackers Asiago Cheese

Kashi TLC Crackers Toasted Asiago

Kashi TLC Entertainer Cracker - Mediterranean Bruchetta

Kashi TLC Crackers Party Mediterranean Bruschetta

Kashi TLC Entertainer Cracker - Stoneground 7 Grain

Kashi TLC Crackers Party Stoneground 7 Grain

Kashi TLC Crackers Fire Roasted Vegetable

Kashi TLC Entertainer Cracker - Garlic and Thyme

Kashi TLC Entertainer Cracker - Stoneground 7 Grain

Kashi TLC Entertainer Cracker - Original 7 Grain

Kashi TLC Crackers Original 7 Grain

Kashi TLC Crackers-Natural Ranch

TLC Happy Trail Mix Chewy Cookies

TLC Oatmeal Dark Chocolate Chewy Cookies

3

TLC Oatmeal Raisin Flax Chewy Cookies

Kashi Entrée Chicken Florentine

Kashi Chicken Pasta Pomodoro

Kashi Entrée Lemongrass Coconut Chicken

Kashi Entrée Mayan Harvest Bake

Kashi Entrée Pesto Pasta Primavera

Kashi Entrée Southwest Style Chicken

Kashi Entrée Spicy Black Bean Enchilada

Kashi Tuscan Veggie Bake

Kashi Pizza Caribbean Carnival

Kashi Pizza 5 Cheese & Tomato

Kashi Pizza Margherita

Kashi Pizza Margherita – Thin Crust

Kashi Pizza Margherita – Stone-Fired Thin Crust

Tomato Garlic Cheese Stone-Fired Thin Crust Pizza

Kashi Pizza Mexicali Black Bean

Kashi Pizza Mushroom Trio & Spinach

Kashi Pizza Mushroom Trio & Spinach – Thin Crust

Kashi Pizza Basil Pesto

Kashi Pizza Basil Pesto – Stone-Fired Thin Crust

Kashi Pizza Roasted Garlic Chicken

Kashi Pizza Roasted Vegetable

Kashi Pizza Roasted Vegetable – Thin Crust

Heart to Heart Honey Oat Waffles

Heart to Heart Honey Toasted Oat Cereal

Heart to Heart Instant Oatmeal Apple Cinnamon

Heart to Heart Instant Oatmeal Golden Maple

4

Heart to Heart Instant Oatmeal Raisin Spice

Heart to Heart Oat Flakes & Blueberry Clusters Cereal

Heart to Heart Blueberry Cereal

Heart to Heart Roasted Garlic Whole Grain Crackers

Heart to Heart Warm Cinnamon Oat Cereal

Heart to Heart Original Whole Grain Crackers

2363972.2